H. C. AVERA v. DAVID McNEILL.

*Note--Rent of Land--Crop Raised Thereon--Application Thereof.*

1. Where the defendant is indebted on a note (which comes to plaintiff by assignment) for the rent of land, and cotton raised thereon by the defendant is taken by the plaintiff into his possession upon whatsoever pretext, the law applies the same to the satisfaction of the rent note.

2. The fact that defendant told the plaintiff, "You moved it (the cotton) without any consent and you may do what you please with it," does not constitute a waiver of such application, so as to enable plaintiff to apply the proceeds to other indebtedness of the defendant.

CIVIL ACTION, tried at Spring Term, 1877, of HARNETT Superior Court, before *McKoy, J.*

This was an appeal from a Justice's judgment, and the action was founded upon a note of which the following is a copy :

"On or before February 15th, 1876, we or either of us promise to pay K. Murchison, Guardian of M. V. McNeill, one hundred and eighty-three dollars, for rent of the land on the east side of the Cape Fear River with the exception of the piece bid off by Miss G."

(signed)               DAVID McNEILL, [seal.]"

This note was assigned by endorsement of the payee to the plaintiff.

The defendant set up a counter-claim for work and labor in clearing a portion of the rented land, and for cotton of which the plaintiff had received the benefit, and the plaintiff replied with an account against the defendant.

The plaintiff testified, that he informed the defendant that he had bought the said note, and that thereafter the defendant borrowed his wagon to haul the cotton to a gin; after the cotton was ginned and baled, the plaintiff hauled it (two bales) to his storehouse, without the consent or direction of defendant. That he informed the defendant where it was, and requested him to sell the cotton and pay the note; that subsequently he asked the defendant what he should do with the cotton, and the defendant, in an angry manner, replied "you moved it without my consent and you may do what you please with it;" that plaintiff sold the cotton and applied the proceeds to the payment of an account against the defendant, and credited the balance on said note, to-wit; "Cr. by balance in cotton, $18.89."

It was in evidence that said cotton was raised on the rented land.

The testimony of the defendant was not in conflict with that of the plaintiff in regard to that part of the transaction upon which the decision turns.

His Honor charged the jury, in substance, that where a creditor holds two or more claims against a party who pays a part of the indebtedness without directions as to what claim the payment shall be applied, the creditor would have the right to apply it to the debt for which he held the least security; and that in making up their verdict they should allow the defendant the value of his labor in clearing the land. Verdict for plaintiff. Judgment. Appeal by defendant.

*Messrs. Guthrie & Carr*, for plaintiff.
*Mr. Neill McKay*, for defendant.

PEARSON, C. J.   By force of the "Landlord and Tenant Act," (Bat. Rev. ch. 64, § 13) as amended by the act of 1874–'75, ch. 209, the cotton, which is the subject of the controversy, was bound for the payment of the "rent note" as it is aptly termed in the statement of the case.

When the plaintiff, no matter under what pretext, took the two bales of cotton, it was an application thereof in payment of the "rent note," and His Honor erred in allowing the jury to give to the remarks of the defendant, evidently made in passion, the effect of a waiver of this application. The fact of making it, the application, is the only justification that the plaintiff can offer for taking the cotton ; so the most favorable point of view in which it can be put for him, is, that he had the two bales of cotton hauled to his storehouse, in payment of the "rent note."   And we are of opinion that the legal effect of this act was not waived by the words afterwards used by the defendant.

Error.

PER CURIAM.                                    *Venire de novo.*