HAMMOND v. HARPER ET AL.

1. PRACTICE: *Transfer of cause by the court.*
    An action of attachment at law in which it is necessary to adjust priorities and to marshal securities between contending claimants of an interest in the property, should be transferred by the court to the equity docket, though no motion be made by either party for the transfer.

Hammond v. Harper et al.

2. APPROPRIATION OF PAYMENTS: *Secured and unsecured debts.*

A creditor having a lien on property for a debt can not, even by agreement with his debtor, apply any part of the property to a debt which is not a lien upon it, to the prejudice of a junior lienor on the same property, but must apply it only to his lien-debt, leaving the residue, after its payment, to the debt of the junior lienor. But a creditor who has no lien on the property at the time of the appropriation, can not complain of its appropriation to a debt which is not a lien.

3. LANDLORD'S LIEN: *Letting part of crop escape.*

A landlord must refrain from an active injury to a junior lienor upon the crop, but he is under no obligation to collect the latter's debt, or to husband the crop to pay both debts. If part is dissipated by the tenant he may take the residue for his rent.

APPEAL from *Woodruff* Circuit Court.

Hon. J. M. SMITH, Circuit Judge, on exchange of Circuits.

*Coody,* for appellant:

1. Under *section 432 Gantt's Digest,* all parties having a lien, etc., may interplead, but there is no law authorizing the owner of a mere lien, not ascertained and fixed by adjudication, to become a party to a *strictly legal* proceeding. *Wilson v. Lassen, 5 Cal., 114; Shaffer v. Bromard, 29 Barb. (N. Y.), 25.*

2. Ware's remedy was by replevin, or specific attachment, or he ought to have had the case transferred to the equity docket. *Carpenter v. City, etc., 30 Cal., 439.*

3. Gates' fail to show any judgment, or any settled right or interest in their favor.

4. Appellant had the right to absolutely release to Harper any part of the crop, and look to all the balance for his rent. *Lemay v. Johnson, 35 Ark., 233; 32 ib., 659.*

5. A surety has no right of action until he pays the debt, or settles it in some way. *Boone v. Torrey, 16 Ark., 87.*

6.   Where a debtor makes payment generally, the debtor may make application. (*Bell v. Radcliffe, 32 Ark., 659.*) The only exception being mutual running accounts.   *Price v, Dowdy, 34 ib., 289.*

*Clark & Williams,* for Gates & Ware:

Gates Bros. & Co. and Ware were proper parties.   *Sec. 432 Gantt's Digest.*

1.   Ware was a junior incumbrancer by his mortgage, and appellant could not postpone his (Ware's) lien by applying payments out of the crop to other debts to his prejudice.

2.   Payment by a surety is not a pre-requisite, when he holds a mortgage for indemnity.   He has a right to be heard to lessen the claim of the attaching creditor.   Ware's liability was absolute, and the condition of the mortgage broken by the forfeiture of the bail bond.   *Jordan v. Adams, 7 Ark., 348.*

3.   Ware was entitled to immediate possession, even before default, as the mortgage contained no clause for mortgagor to hold possession, etc.   *1 Hilliard on Mort., 168, sec. 18; 11 Met., 460; 27 Me., 531; 1 Cush., 485; 4 Ala. (N. S.), 745–46; 13 N. H., 226; 8 S. & M. (Miss.), 433; 10 Miss., 229; 9 Ala., 633.*

4.   As to the *appropriation* of payments, see *Carmen v. Higginson, 1 Mason, 338; 2 Parsons on Contracts, p. 629; Collyer on Partnership, 321 (3d ed.); Story on Partnership,* note to sec. *157; Jones on Mort., vol. 2, sec. 904 to 912; Hicks v. Brigham, 11 Mass., 300; Marvin v. Vedder, 5 Cow. (N. Y.), 671; Brown v. Simpson, 2 Watts (Pa.), 233; Story Eq. Jur., vol. 1, 449–459.*   These authorities show that a creditor has no right to retain the very property upon which a junior lien exists and hold an indefinite right to appropriate payments to the prejudice of others, but it must go *pro tanto* to the relinquishment of his lien.

SMITH, J.  Harper owed Hammond $1,000 for the rent of land, as was evidenced by his note, payable November 25, 1879, in which was reserved an option to pay in cotton at ten cents per pound.  He also owed Hammond for supplies and for a pair of horses purchased of him.  In the fall of 1879, he delivered to Hammond 8,365 pounds of cotton.  By agreement between the parties, the cotton was to be first applied to paying for the horses.  No appropriation of the remainder was made by the debtor, but Hammond applied it to the supply bill, crediting the excess ($250) upon the rent notes.

Harper being under indictment for larceny, fled the State. His other creditors were Ware and Gates Bros. & Co.  Ware held a mortgage, executed August 23, 1879, and duly acknowledged and recorded upon Harper's growing crop upon the Hammond farm, and some other property, to secure his debt, and also to indemnify him as surety upon Harper's bail bond.  Gates Bros. & Co. had no security, but after Harper's flight, sued out an attachment and caused it to be levied on his crop.

In this situation of affairs, Hammond brought an action for the remaining $750, which he claimed to be due him for rent, and took an attachment to enforce his landlord's lien. Ware and Gates Bros. & Co. intervened, setting forth their claims of liens and praying that Hammond might be required to credit the amount of cotton he.had received upon his rent.  A receiver was appointed to gather and market the crop.  His report showed a balance of $1,072 in hand after paying all expenses.  There was a trial before a jury, the intervenors being permitted to introduce evidence to lessen Hammond's demand for rent.  Hammond recovered a verdict and judgment for $210.60, which the Circuit Judge refused to disturb.

We think it was impossible for any court of common law to do exact justice between these claimants.  Its forms

1 PRACTICE: Transfer of cause by the court.

and rules are too inflexible to adjust priorities and to marshal securities. The cause should have been transferred to the equity docket, upon the coming in of Ware's petition, notwithstanding no motion was made for that purpose. Hammond had the right as against Gates Bros. & Co., to appropriate the cotton to the payment of the price of the horses and to his unsecured debt; because at the date of such appropriation, they had no lien upon the cotton and consequently had no cause to complain of any disposition that Harper or Hammond might make of it. But the case was otherwise as respects Ware. Neither Hammond nor Harper, nor both together, could make any appropriation of the cotton, covered by the mortgage, to Ware's detriment. This cotton was charged in the first instance with Hammond's rent and next with Ware's mortgage. It was, in fact, appropriated by Hammond, or by Hammond and Harper, to another debt than rent. Consequently Hammond must be postponed in his priority as to the doubly charged fund to the extent that that fund has been diverted from its destined purposes. Still, Hammond can not be compelled to credit his rent absolutely. The appropriation was good as against Gates Bros. & Co., and all the world except Ware, a junior lien holder. *Lemay v. Johnson, 35 Ark., 233.*

In this way injustice was done Hammond, unavoidable, perhaps, in the forum in which it was tried. There was also a misdirection by the court, which doubtless had its influence upon the jury. There was evidence tending to prove that Harper, about the time he absconded, hauled a lot of cotton to Des Arc with Hammond's permission, it being understood that he should sell it there and pay the proceeds to Hammond. Harper claimed that he could dispose of it in Des Arc at eleven cents per pound, whereas Hammond would only allow him ten cents for it. Harper

*Margin notes:*
2. APPROPRIATION OF PAYMENTS. Secured and unsecured debts

3. Landlord's lien covers the whole crop

Hammond v. Harper et al.

never returned to the farm and never paid Hammond the proceeds of this lot of cotton, but ran away. Under this state of facts, the jury were told virtually, that in computing the balance due on rent, they must credit the rent note, not only with all the cotton that Hammond received from Harper on any account, but also with the value of that which Harper removed from the premises, by Hammond's directions, whether or not it, or the proceeds of it came to Hammond's hands. This is certainly not the law. While the landlord must refrain from an active injury to a junior incumbrancer, he is under no obligation to collect his debt, or to husband the fund so as to make it cover both debts. *Lemay v. Johnson, supra.*

The judgment below is reversed and the cause remanded with directions to transfer it to the equity side of the court. Then let it be referred to a Master, to ascertain and report what was due to Hammond from Harper for rent, supplies and horses, taking the account as if no payment had been made, and carrying it down to November 12, 1879; also how much has been paid to Hammond in cotton, money, or otherwise; also to inquire what balance is due Ware on his debt, and whether he has paid his bond to the State of Arkansas, and, if so, the actual cost of the same to Ware to satisfy this obligation; also to report whether the inchoate lien of Gates Bros. & Co., has been perfected by the rendition of judgment in their favor sustaining their attachment. Then, in the distribution of the fund in court, let Hammond be first paid the difference between what he has already received, and $1,000, then Ware's mortgage debt; next, the remainder that may be due to Hammond on all accounts after deducting $1,000, the same not to exceed $586.42 in any event, and the remainder, if any, to be paid to Gates Bros. & Co., provided their lien has been perfected.