## HERBERT W. SANDERS *v.* GEORGE H. PHILLIPS.

*Chattel mortgage ; when the sale of non-exempt property covered by releases the lien upon exempt.*

Where the assignee of a chattel mortgage, which covers both exempt and non-exempt property, causes the non-exempt property to be taken on an execution in his favor against the mortgagor, and sold for a sum greater than the mortgage debt, the mortgage lien upon the exempt property is thereby extinguished.

Replevin for one cow. Trial by court at the September Term, 1889, ROWELL, J., presiding. Judgment for the plaintiff. The defendant excepts.

The opinion states the case.

*Waterman, Martin & Hitt,* for the defendant.

R. L. s. 1184 only applies to cases where the execution creditor obtains possession of the mortgaged property *in invitum.* In case the creditor buys and owns the mortgage debt he may satisfy his mortgage from whatever portion of the mortgaged property he elects. He might have first sold the cow on the mortgage debt and left the colt for creditors. If the original mortgagee had held the mortgage he might have suffered the defendant to take the colt on execution and relied upon the cow for his security.

*L. M. Reed,* for the plaintiff.

At common law property subject to chattel mortgage could not be attached in a suit against the mortgagor. Jones Ch. Mort. s. 555.

The only right to so attach it now is in virtue of the statute, and the statute must be strictly followed. That provides that when mortgaged property is sold on execution the proceeds shall first go in payment of the mortgage debt. R. L. s. 1184.

Sanders *v.* Phillips.

The opinion of the court was delivered by

ROYCE, Ch. J.   On the 16th day of July, 1888, the plaintiff executed a chattel mortgage of one colt and a cow, which was exempt from attachment, to Herbert E. Wheat, to secure the payment of a note for the sum of $17.00.   On the 8th day of October, 1888, Wheat sold and assigned the note and mortgage to Davis and Marietta, who then held a claim note against the plaintiff secured by a lien on a horse.   Davis and Marietta brought a suit on their note and obtained a judgment, took out an execution and delivered it to a deputy sheriff for collection.   He levied the same on the horse covered by said claim note, and on the colt described in the mortgage given by the plaintiff to Wheat, and sold said colt on said execution for $20, a sum sufficient to pay the mortgage note, but the horse and colt did not sell for enough to pay the execution; and on the 4th of November, 1888, Davis and Marietta placed said chattel mortgage in the hands of said sheriff, who advertised and sold the cow described in said mortgage at public auction for the sum of $17.50, to one Davis, who sold her to one Aiken, and defendant purchased her of Aiken in good faith, not knowing that the plaintiff had any lien on or interest in her.

This action of replevin was brought to determine the title in the cow.

The plaintiff claims that by the sale of the colt for a sum sufficient to pay the debt secured by the mortgage, the lien upon the cow was discharged.   Davis and Marietta, by the purchase of the notes and mortgage given to Wheat, were subrogated to his rights and remedies.   Wheat would have been obliged to advertise and sell the property in the manner prescribed in chap. 99, R. L., and s. 1979 provides that upon such sale the proceeds shall first be applied to the payment of the demand secured by the mortgage and the costs and expenses of the keeping and sale.   Sec. 1184 requires that where an attaching creditor has paid a claim secured by a mortgage upon the property attached, upon a sale of the property the creditor is, from the proceeds of

Sanders *v.* Phillips.

the sale, first to be paid the amount paid by him to the mortgagee, pledgee or holder, thus clearly recognizing the right of the mortgagee to have the first receipts upon a sale of chattels mortgaged applied to extinguish the mortgage debt. Davis and Marietta were bound to apply the money received upon a sale of the property mortgaged, first, to pay the demand secured by the mortgage, and the money received for the colt being sufficient to pay that demand, the lien given upon the cow was extinguished.

*Judgment affirmed.*