C. L. HIPSLEY v. T. J. PRICE, Sheriff, *et al.*, Appellants.

Landlord's Lien: EXEMPTION FROM. In Code 1873, section 2017, reading, "a landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used upon the premises during the term, and not exempt from execution," the words "not exempt from execution," refer only to "other personal property," and not to "crops grown upon the demised premises," and no part of said crops is exempt from the lien.

INTERVENTION BY LANDLORD.  In an action by a mortgagee of chattels against a sheriff who has sold the chattels on attachment by a landlord for rent, the landlord can intervene, and assert his interest in the property, whether the attachment was valid or not.

Appeal: OBJECTION BELOW.  An objection that the levy of a landlord's attachment was invalid, because written notice thereof was not served on the attachment defendant, cannot be first presented on appeal from a judgment for plaintiff in an action to recover as mortgagee the attached property, or plaintiff's interest therein.

*Appeal from Mahaska District Court.*—HON. BEN McCoy, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION at law to recover the possession of specific personal property.  There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Searle & Keating* and *Liston McMillen* for appellants.

*Dan Davis* and *Bolton & Bolton* for appellee.

ROBINSON, J.—In October of the year 1893, Moses Nowels and W. Martin entered into an agreement, in writing, by which the former leased to the latter, for the term of five years from the first day of March, 1894, certain land in Mahaska county.  The rent to be paid therefor was three hundred and fifty dollars, on the twentieth day of October, 1894, the same amount on the first day of February, 1895, and like sums on corresponding dates during each year of the term of the lease, and for each sum to be so paid Martin gave his promissory note to Nowels.  On the twenty-fourth day of October, 1894, Nowels commenced against Martin an action, aided by a landlord's attachment, to recover rent then due and unpaid.  The writ of attachment was

delivered to the sheriff or his deputy, levies thereunder were made on the twenty-fifth and twenty-ninth days of October, on one hundred and twenty acres of corn and other property, an order for the sale of the attached property as perishable was obtained, and the property, or a part thereof, was sold by the sheriff in December. Judgment was subsequently rendered in the action by Nowels against Martin for the sum of four hundred and twenty-five dollars and costs. On the seventeenth day of November, 1894, Martin gave to the plaintiff a chattel mortgage on one hundred and ten acres of the corn upon which the landlord's attachment had been levied, to secure the payment of a note for two hundred and fifty dollars. This action was commenced against the sheriff at about the time the property was sold, to recover possession of the corn mortgaged to the plaintiff, or for the value of the plaintiff's alleged interest therein, and costs. Nowels intervened, and claimed the corn, and the proceeds thereof, by virtue of his lease and his landlord's attachment. The jury returned a verdict for the plaintiff, and found the value of his interest in the corn to be the sum of two hundred and seventy dollars. He elected to take a judgment for that amount in lieu of the property, and judgment was so rendered. The sheriff and the intervener appeal.

I. The plaintiff claims in argument that the levy of the landlord's attachment was invalid, because written notice thereof was not served on Martin, the defendant in the attachment proceedings. See *Hicks v. Swan*, 97 Iowa, 556. The only answer which need be made to that claim is that it is presented for the first time in this court. The record submitted to us shows that the intervener based his claim to the property upon the levy of his landlord's attachment, upon an alleged change of possession by virtue of the levy and proceedings thereunder of the officers who served it, and upon a provision in the lease, in words as

follows "* * * All accrued rent on said premises, and unpaid, the same shall be a lien on any and all crops raised and belonging to the said party of the second part, on the above described premises, whether the same be exempt from execution or distress by law or not; and in such event the second party [Martin] waives all legal rights which he may have to hold or retain any such property under an exemption law in force in this state." The record also shows that the claims made by the plaintiff in the district court were that the corn in question was exempt from execution; that it was exempt for that reason from seizure under a landlord's attachment; and that he obtained the mortgage on which he relies without notice of the claim or rights of the intervener, under the mortgage clause of his lease. See *Bank v. Honnold,* 85 Iowa, 352. The pleadings, the evidence, and the charge of the court show that the plaintiff was permitted to obtain judgment on the theory that his claim with respect to exempt property was well founded. Martin at the time of the levy of the attachment, was a resident of this state, a farmer, the head of a family, and entitled to all the exemptions which the law allows to such persons. He had a considerable amount of live stock exempt from execution, and claimed as so exempt the corn in question, on the ground that it was necessary food required for his exempt stock for the period of six months. Section 2017 of the Code of 1873, which was in force when the rights of the parties to this action became fixed, contained the following: "A landlord shall have a lien for his rent upon all crops grown upon the demised premises, and upon any other personal property of the tenant which has been used on the premises during the term, and not exempt from execution. * * *" Does the clause, "and not exempt from execution," apply only to "other personal property of the tenant which has been used on the premises during the term," or to such property and also

to "all crops grown upon the demised premises?" It was said in *Thompson v. Anderson*, 86 Iowa, 706, that the reason upon which the lien provided for by the statute is grounded is that "the use of the landlord's premises has contributed to the production, improvement, or maintenance of the property upon which the lien attaches." That reason applies with especial force to crops raised upon the premises. Other personal property may derive little, if any, benefit from the premises, but crops raised thereon draw in large part their sustenance, and the elements which are necessary to their growth, from the soil, which is to some extent impoverished, and made less productive, by each successive crop which it yields. There is ample reason for not permitting the lien to attach to property which the tenant needs for the maintenance of himself and family, and to the production and preservation of which the leased premises have contributed little or nothing; but on what theory of reason or justice can it be said that the lien should not attach to crops which could not have been produced but for the leased premises? It is quite clear that the general assembly intended to make a distinction between crops grown on leased premises and other personal property, and that the clause, "not exempt from execution" applies only to the property referred to in the sentence immediately preceding it, and not to the crops specified in the first sentence of the section. This interpretation is fully authorized by the language used, will give force to what we are satisfied was the legislative intent, and will do justice. It follows that, whether the plaintiff had knowledge of the mortgage clause in the lease of Nowels to Martin, or whether written notice of the landlord's attachment was given to Martin, is not material to a determination of this case. The crops in question were grown upon the leased premises. Nowels was entitled to a lien upon them for that reason, and the

lien had not been terminated when the mortgage to the plaintiff was executed, and the interest he thereby acquired was subject to the lien of Nowels. If the attachment was, for any reason, invalid, Nowels had the right to assert and have protected his interest in the property, and the proceeds thereof, by intervening in this case. The judgment rendered by the district court rests upon an erroneous theory of the statute to which we have referred. The facts which determine the application of the statute are not in dispute, and the judgment must therefore be, and is, REVERSED.