A. M. SHEIMO, Appellee, v. N. C. NELSON et al., Appellants (and one other case).

**TRIAL: Calendars—Equitable Action.** An action by a landlord against
1    parties who had converted property on which the landlord had a
     lien, and praying for an accounting, for an adjudication as to pri-
     orities, and for the establishment of a trust on certain funds, is
     necessarily brought in equity.

**MARSHALING ASSETS AND SECURITIES: Nature and Scope of**
2    **Remedy.** Principle reaffirmed that the doctrine of marshaling assets
     or securities is not an equity administered at the suit of a debtor.

*Appeal from Winnebago District Court.*—M. F. EDWARDS, Judge.

MAY 16, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

THE two cases entitled as above were consolidated and tried together in the district court, and are so presented here. By the consolidation it was agreed that the parties did not waive any of their rights or claims in either case. The first case is an action

at law against the two defendants therein, wherein plaintiff, as assignee of the landlord's lease, had judgment for the amount of the rent, $512.53, with interest, costs, and attorneys' fees. The second case is an action in equity, brought after the commencement of the law action, and supplemental thereto. The petition charges a conspiracy to defraud and hinder plaintiff in the collection of his rent and the enforcement of his lien. The facts appear in the opinion. The trial court found for plaintiff. Defendants appeal.—*Affirmed.*

*Thompson, Loth & Lowe,* for appellants.

*Kingland, Dakin & Thonn* and *John Ott,* for appellee.

PER CURIAM.—The pleadings in the equitable action set up the execution of the lease executed by the tenants N. C. Nelson and his wife, Lizzie, and its assignment to plaintiff, and recite that the rent is unpaid; that the lease provides for a lien on the property used on the premises, including exempt property; and that appellants the Leland bank and Christ Nelson also had chattel mortgages on some of the property. The two last mentioned mortgages were found by the trial court to be prior to the lien of plaintiff, and they were paid out of the proceeds of the sale of the mortgaged property. The petition also alleged that appellant the Leland bank claimed an additional mortgage on some of the property, made after, and therefore subsequent to, plaintiff's lease, and that Christ Nelson claimed a prior mortgage on certain other property. It is also charged that appellants McGreevy and Michaelsen are officers of the Leland bank, and that all the defendants conspired against plaintiff, to cheat, defraud, and hinder him in the collection of his rent and the enforcement of his lien on parts of the property, and that for this purpose they held a sale of the tenants' personal property, without the plaintiff's knowledge; that the Nelsons are insolvent; that, when plaintiff learned of the sale, he commenced the law action and procured an attachment, but that the property levied on was claimed by various defendants and by purchasers at their said sale, and that the sheriff, after receiving notices of

these claims, released the property; that defendants, or some of them, received from said sale sufficient proceeds of property on which plaintiff had a first lien, to satisfy his rent. He asked judgment against all defendants for the amount of his claim, and that he be adjudged the equitable owner of the proceeds of the sale; asked for an accounting, the determination of the priorities, and for general equitable relief. The trial court found that the equities were with plaintiff, and that, by the wrongful acts of defendants, they had sold the property upon which plaintiff had a first lien, under a written agreement by the parties other than plaintiff, to the effect that all the property should be sold, and that all proceeds of the sale should be held in trust; determined the priorities; and decreed that the first mortgage of the Leland bank and Christ Nelson should be first paid out of the proceeds, and that $450 of the money held by defendant bank was the proceeds of property sold upon which plaintiff had a first lien, and that, by reason of the acts of defendants, a trust was created in favor of plaintiff. Judgment was rendered against the bank for that amount. The decree directed that, when this was paid, it should be credited upon the judgment rendered in the law action. The trial court necessarily found that defendants' claims of payment and estoppel were not sustained. Since the appellant Christ Nelson and defendant bank have been allowed to retain, out of the proceeds of the sale, and have been paid, their liens, which were prior to plaintiff's lien, these and some other questions are now out of the case. We do not understand that there is any controversy as to plaintiff's right to a personal judgment against the tenants for the amount of the rent in the law action, unless their claims herein are sustained.

One or two preliminary matters may be disposed of, before proceeding to the merits. It is thought by appellants that the procedure was irregular. They waived a jury in the law action. This, of course, applied only to the defendants in that suit. It is contended by appellants that, though plaintiff pleaded himself into equity in the second case, there was no proof as to any equitable issue. We think there was. There was the question of accounting and

1. TRIAL: cal-
endars: equitable
action.

of priority of liens; general equitable relief was asked; and the court impressed a trust as to a part of the funds in favor of plaintiff. The defendants sought to raise in the answer the question as to want of equitable jurisdiction. No jury was demanded, and there was no motion to transfer to the law calendar. We think there was no irregularity; but if there was, clearly there is no prejudice to defendants.

Appellants further contend that, because the trial court did not specifically find that the acts of the defendants were fraudulent, this is equivalent to a finding that there was no fraud, and that defendants acted in good faith; that, in the absence of fraud or wrong, no trust in favor of plaintiff resulted. The trial court did find, however, that the equities were with the plaintiff, and this in a case where plaintiff alleged a conspiracy on the part of defendants and that they were acting together in the attempt to wrongfully deprive plaintiff of his lien. The trial court necessarily found that defendants, acting together, were attempting to wrong the plaintiff.

The real point in the case, we take it, is whether, as between plaintiff and the tenant, the defendant bank, under the chattel mortgage executed by the tenant a day or two before the sale of the property, is entitled to a prior claim over the plaintiff, particularly as to the part of the property which was exempt; and whether, under the circumstances of the case, the tenant could require plaintiff, by notice, to first exhaust the nonexempt property, where the Lake Mills bank, in which plaintiff was interested, had chattel mortgages on the nonexempt property, which mortgages were not signed by the tenant's wife, and would not cover exempt property. Briefly stated, another contention on the part of appellee is that the defendant bank and other defendants were maneuvering to secure for the tenant the exempt property, or its proceeds. In this connection, and as tending to indicate that such was the fact, two or three days before the sale, and in connection with other circumstances at about the same time, attorneys for appellants notified plaintiff in writing that it had just been made known that plaintiff had taken an assignment of the lease, and stated that N. C. Nelson

2. MARSHALING ASSETS AND SECURITIES: nature and scope of remedy.

and his wife insisted that the rent be collected out of their non-exempt property, and that they would not permit the property to be so handled as to make the exempt property subject to the landlord's lien. Appellee contends that, under the authority to be cited later, the tenant had no such right. Appellants argue that the tenant, Nelson, believing his exemptions clear, desired some money on them, to enable him to move, and that, at about the same time, appellant bank advanced the money to him, and at that time took another mortgage, enabling it to secure from the exemptions added security for its first mortgage. This was long after plaintiff's lease. These dates will be referred to later. It is conceded that at this time the tenant and his wife were insolvent. The property sold for approximately $1,400.

The substance of the more important facts will be stated in the order of their occurrence, as nearly as may be. Prior to the assignment of the lease to plaintiff, which was a short time before the expiration of the tenancy, the rent being unpaid, plaintiff's assignor brought an action, aided by attachment, and levied on about $800 or $900 worth of the property on the farm. After Mrs. Mathews, plaintiff's assignor, had so attached, the Lake Mills bank desired to have the property released from the levy, and gave a delivery bond to the sheriff. She did not wish to have any trouble or litigation, and proposed to sell or assign her lease to the defendant bank or to the Lake Mills bank, if it could be so arranged. The plaintiff concluded to take the assignment. It was taken in his name probably for his own protection and that of the Lake Mills bank. It was agreed between plaintiff and Mrs. Mathews' attorney that the assignment of the lease should be so drawn as to preserve all her rights to the plaintiff; and it was so written. The Mathews suit and the delivery bond were dismissed. The Lake Mills bank proceeded to foreclose its chattel mortgages. The lease was to run from March 1, 1921, to March 1, 1922. It was assigned to plaintiff on February 14, 1922. The second or additional mortgage before referred to, from the tenant Nelson to defendant bank, was executed February 23, 1922, and was for $910 (less some small indorsements), to secure the prior debt owed to defendant bank, and two other notes dated February 22, 1922, for money claimed to have been

advanced at that time. This last named mortgage described certain personal property, and recites that it-is to secure all notes described therein, but that it is taken without waiving mortgagee's security already existing, and is additional security for the same. The next day, February 24th, the notice before referred to was served upon plaintiff. On the same day, the written agreement by the parties other than plaintiff to sell the property was executed. It was also signed by appellant Michaelsen, as clerk of the sale. He was president of defendant bank. The agreement provided that the sale should take place on February 27th, on the farm then occupied by the tenant; that the sale was to be clerked by Michaelsen, and the proceeds to be received by him, and held as trustee, and that he was to pay defendant bank and Christ Nelson their mortgages. The sale was held on the 27th. Afterwards, the clerk paid the proceeds to the cashier of defendant bank. After the sale, plaintiff brought this law action, and garnished Michaelsen and the cashier, and levied on some of the property which had been sold and which purchasers had not removed from the premises. The sheriff released this property, on notice from such purchasers, and the garnishment was quashed. Thereafter, and after Nelson had moved, this equity action was brought. After the Christ Nelson mortgage and defendant bank's first mortgage were paid out of the proceeds of the sale, or so applied by the decree of the trial court, $450 of such proceeds were awarded to the plaintiff. As we figure it, $107.55 was the proceeds of exempt property included in plaintiff's lien but not covered by prior mortgages. By the decree defendant bank was not permitted to pay itself all the additional notes included in the $910 mortgage before referred to, which was subsequent and inferior to plaintiff's lien. Plaintiff was asking only the proceeds of the property on which he had a first lien, and that is what the trial court gave him.

Considering all the circumstances, we think that the court was warranted in finding that defendants sought to defeat plaintiff by the bank's last mortgage and the sale wherein they sold plaintiff's property, on which he had the first lien, and that this was wrongful. We think it was really in the interest of plain-

tiff's debtors, N. C. Nelson and wife. Plaintiff's last mortgage was duly recorded some months before this transaction, and defendants had actual notice thereof and of plaintiff's claim, before the sale, and before the second mortgage to defendant bank, of February 23d.

Several cases are cited; but we think that, although the facts are not exactly the same, the case is ruled by *Citizens' Sav. Bank v. Wood*, 134 Iowa 232. Briefly, it was held in that case that the landlord or his assignee did not owe the tenant the duty of enforcing his lien against all or any specific portion of the property, and did not owe the debtor the duty of enforcing his claim for rent against any particular property; that, in so far as the tenant's rights were involved, the landlord might allow other debts to be made out of the property on which he had a lien, and might look to his own interest, if without active injury to a junior incumbrance; and that the doctrine of marshaling assets or securities is not an equity administered at the suit of the debtor. In some of its facts, the case cited is quite similar to the instant case.

This disposes of the main question in the case, as we view it. It is unnecessary to prolong the opinion, except to say that we think there was no estoppel and no payment, as claimed by appellants. The judgments are—*Affirmed*.