## UNITED STATES *v.* WALLACE *et al.*

*(District Court, D. South Carolina.* June 20, 1891.)

1. **JUDGMENT—REVIEW AFTER TERM—JURISDICTION.**
   A federal court has jurisdiction to determine whether a judgment rendered by it at a previous term is void.
2. **SAME—STATE STATUTE.**
   Code Civil Proc. S. C. § 195, which permits a court at any time within a year to relieve a party from a judgment taken against him through mistake, has no application to a judgment of forfeiture on a recognizance in the federal court, where the defendant was represented by an attorney, and the only mistake alleged is that his attorney failed to make defense.
3. **CRIMINAL PRACTICE—RECOGNIZANCE—WAIVER.**
   Where a person who has been arrested and given bail for his appearance voluntarily appears before the commissioner at the preliminary hearing, and enters into a recognizance for his appearance at court, the validity of such recognizance is not affected by any irregularities in the proceedings leading to his arrest, since he waived such irregularities by appearing.
4. **SAME—FORFEITURE OF RECOGNIZANCE.**
   Where the surety on a recognizance not only appears upon proceedings to forfeit the recognizance, but also obtains a continuance of the cause, so as to suspend the entry of confirmation, he waives notice of the rule to plead.

At Law.

*Abial Lathrop*, Dist. Atty.

*J. P. K. Bryan*, for defendants.

SIMONTON, J. One L. W. Wallace, charged with violating sections 5392, 5438, Rev. St., entered into a recognizance with J. C. Jaudon, as his surety, for appearance at October term, 1889, of this court. He fled the jurisdiction. His case was called at the October term, and at the succeeding January term. As he failed to appear, a *scire facias* on the recognizance was issued against him and Jaudon. The latter made return under oath. In this return, after admitting that he was the surety on the recognizance of the absconding defendant, and after stating that he has good ground for believing that Wallace was within reach, and could be arrested, he prayed the proceeding against him be continued, "with no other desire than that the deponent may have ample time to apprehend the said Wallace, and deliver him into the custody of the marshal." This return, signed by W. J. Gayer, Esq., his attorney, was filed on 5th May, 1890. The continuance was allowed him. The hearing was also postponed at the July term and at the succeeding October term. At the January term, 1891, the rule was made absolute, and the recognizance estreated, and adjudged forfeited. Leave was given to enter judgment and issue execution. The marshal levied under the execution 2d March, 1891. Mr. Gayer again obtained for Jaudon still further delay, on similar hope of arresting Wallace, by suspension of levy until May, 1891. Soon thereafter Jaudon filed his petition, stating that, by the inadvertence of counsel employed by him, no return was made and filed to the rule to show cause why the recognizance should not be forfeited, and the same was adjudged by default; that he has a good defense in law; prays that he be allowed to make his return *nunc pro tunc,*

and that, pending the hearing thereof, "the default be set aside, and proceedings stayed." On this petition a rule to show cause why the prayer thereof be not granted, was served on the district attorney, who, for answer to said rule, says "that the court hath not jurisdiction to set aside the said judgment." The petition is not accurate in its statements that Jaudon made no return, and that judgment by default was taken. He did make return, in effect, admitting his liability, and craving indulgence, so that he could arrest Wallace; and after reasonable delay for this purpose, judgment was taken on the return.

No court of the United States can revise or amend its own final decree or judgment for errors of fact or of law after the end of the term in which such decree or judgment was rendered. *Sibbald* v. *U. S.*, 12 Pet. 488; *Bronson* v. *Schulten*, 104 U. S. 417; *Phillips* v. *Negley*, 117 U. S. 674, 6 Sup. Ct. Rep. 901. The present motion, however, is not directed to the correction of any error of law or of fact on the part of the court on rendering the judgment. But counsel has intimated that he can show that the judgment is void. The court has jurisdiction over this question. Black, Judgm. § 307. The district attorney will answer the rule; his exception to the jurisdiction being overruled.

### UPON FILING RETURN BY DISTRICT ATTORNEY.

The district attorney has filed his return. The case seems to have assumed a double aspect. In the petition Jaudon seeks to open the judgment taken against him, so that he may make a defense thereto. He asks the court to do this, because he was deprived of this defense by the inadvertence of his counsel. He argues that, as section 914 of the Revised Statutes declares that the courts of the United States should conform to the practice, pleadings, form, and mode of procedure of the courts of the state in which they are severally established, we should follow the course prescribed in section 195, Code Civil Proc. S. C., which permits the court at any time within a year to relieve a party from a judgment, order, or other proceedings taken against him through mistake, inadvertence, or excusable neglect. This is a provision of a Code of Civil Procedure, and therefore cannot apply to this case, which is in a criminal court. *State* v. *Wilder*, 13 S. C. 344. Besides this, the courts of the United States have no authority to set aside, vacate, or modify their final judgments after the term in which they are rendered; and this authority cannot be conferred on them by the statutes of a state, or the practice of its courts. *Bronson* v. *Schulten*, 104 U. S. 410; *In re Chateaugay Iron Co.*, 128 U. S. 554, 9 Sup. Ct. Rep. 150; *Association* v. *Barry*, 131 U. S. 120, 9 Sup. Ct. Rep. 755. Even were this practice adopted in this court, the case, as presented by the petition, would not come within it. In *Clark* v. *Wimberly*, 24 S. C. 138, the court confine the relief afforded by this section 195 to parties who, by some mistake, inadvertence, etc., have lost the opportunity of being present or of being represented at the trial. Jaudon was represented throughout the case by an attorney, and in this respect the petition simply asks that he may now be permitted to make a defense which his attorney failed

to make for him. Jaudon was regularly before the court, which had jurisdiction of him and of the *scire facias.* "The defense could have been made; indeed the proceeding—'a rule to show cause'—invited him to make it. Failing to do so, the result must be the same as if he had formally made it, and failed." *McNair* v. *Ingraham,* 21 S. C. 74; *McDowall* v. *McDowall,* Bailey, Eq. 330; *Dimock* v. *Copper Co.,* 117 U. S. 559, 6 Sup. Ct. Rep. 855. So much for the case made by the petition.

The district attorney made an objection to the petition, that it did not state the grounds of objection to the judgment fully; especially that objection next to be noticed. He waived this, however, at the hearing. If he had insisted upon it, the objection would have been sustained.

The defendant at the hearing insists that the whole judgment is void *ab initio.* The position is this: that we must look over the whole record, from the inception of the case against Wallace; that, doing this, we would find that the recognizance is void; that the recognizance is the judgment, and that the proceedings by way of *scire facias* were used solely to confirm judgment. There is no doubt that a recognizance is in the nature of a judgment confessed of record. *State* v. *Ahrens,* 12 Rich. Law, 493, and that the *scire facias,* by its own language, is to confirm it. I have some doubt whether it is not too late for Jaudon to raise this question. But he has the benefit of the doubt. Inspecting the records, it appears that Wallace was arrested on 4th September, 1889, on a warrant bearing the same date, to which is attached an affidavit of H. W. Hendricks "that he has reason to believe, and does verily believe." Whether or not the commissioner had any other affidavit in his possession does not appear. That Wallace when arrested gave bail for his appearance before the commissioner on 10th September, 1889. That subsequently he did appear before the commissioner on 10th September, 1889, and was present at the preliminary hearing. That the commissioner examined 23 witnesses, and that, as the result of the examination, he sent the case up, and that Wallace then and there entered into the recognizance, with Jaudon as surety. That Wallace made default, having departed the state. This record shows that Wallace never was in jail, and that he was released from custody as soon as arrested. Assuming, for this case, that the warrant was void and the original arrest illegal, when Wallace was discharged he was free. Yet he voluntarily went before the commissioner six days afterwards, heard the witness examined, and afterwards signed the recognizance, with Jaudon as his surety. Had he resisted or disputed the arrest in the first instance, or, being in custody, had then entered into recognizance, or had he disregarded his bail to appear for preliminary examination, or, had he been in custody, and had moved to quash the warrant, or applied for a *habeas corpus,* the result may have been different. *U. S.* v. *Shepard,* 1 Abb. (U. S.) 434. He, in my opinion, waived all objection. Indeed, if there had been no affidavit or complaint whatever, and the accused going voluntarily before the officer, had given bail for his appearance to answer the indictment, it would have been good. The giving of the undertaking thus voluntarily would have been a complete waiver of complaint,

deposition, proof of probable cause, and of all irregularities in the case prior to giving of the bail.  *U. S.* v. *Eldredge,* (Utah,) 13 Pac. Rep. 677. See, also, *City of Junction City* v. *Keeffe,* (Kan.) 19 Pac. Rep. 735; *Ard* v. *State,* (Ind.) 16 N. E. Rep. 504; *State* v. *Tennison,* (Kan.) 18 Pac. Rep. 948.

The next objection is to the *scire facias;* that notice of the rule to plead to the *scire facias* had not been served upon Jaudon after he appeared. Examining Jaudon's return to the *scire facias,* it is something more than an appearance,—it is an admission of responsibility, and an application to the grace of the court for time within which to surrender his absconding principal. He does, in this connection, ask for a continuance, and such continuance was granted on his motion; but this was not a continuance of the trial, but a continuance of the cause, so as to suspend the entry of confirmation of judgment. There is an error in the order upon the *scire facias.* It provides that judgment be entered. As we have seen, the recognizance itself is a judgment. The word should be confirmed. Let this be substituted.

The motion is dismissed.