UNITED STATES v. TAYLOR.

(District Court, W. D. Arkansas, Ft. Smith Division. December 16, 1907.)

1. JUDGMENT—VACATION—MODE OF PROCEEDING.

Where a federal court had jurisdiction of the subject-matter of an action, and its judgment recites service of process on the defendant, such judgment cannot be set aside on a motion made after the term, but the remedy of the defendant, if he desires to assail the truthfulness of such recital, is by a suit for injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 668.]

2. BAIL—IN CRIMINAL PROSECUTIONS—NATURE AND EFFECT OF RECOGNIZANCE.

A recognizance in a criminal case is in the nature of a judgment confessed of record, and a proceeding thereon by sci. fa. after forfeiture is merely to confirm such judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, § 372.]

On Motion to Vacate Judgment.

James K. Barnes, U. S. Dist. Atty., and L. W. Gregg, Asst. U. S. Dist. Atty.

Kenneth F. Murchison, for defendant.

ROGERS, District Judge. On the 19th of October, 1894, in a criminal case pending in this court against Osmer Surplis a forfeiture was rendered against Albert Taylor, who was surety upon the bond of said Surplis, and a sci. fa. was issued against the said Taylor, requiring him to appear and show cause why said forfeiture should not be made final. On the 18th of March, 1897, judgment of forfeiture was made final against the said Albert Taylor. On the face of the judgment it is recited that due service had been had upon the said Albert Taylor. On November 21, 1907, the said Albert Taylor filed in this court a motion to vacate the judgment, on the ground that he never had been served with any process, and therefore the court had no jurisdiction to render judgment against him, and that, if the sci. fa. had been served upon him, he would have made a full and complete defense thereto, and said judgment would not have been rendered against him. He accompanies his motion with an answer which he offers to file to the bond, in which he admits that, when he executed the bond as surety of Osmer Surplis, that the said Osmer Surplis did not appear in response to said bond, because he died before said forfeiture occurred, and before the return day fixed in said bond for his appearance; that, knowing of the death of said Surplis, after the bond was forfeited he came to Ft. Smith, and brought witnesses to prove the death of said Surplis, and they appeared before the United States district attorney and made sworn statements of the death of said Surplis before the forfeiture was made final, and that he left with the understanding that the forfeiture should be set aside, and that subsequently he heard nothing of the matter until the month of February, 1907. To this motion the United States interposed a demurrer, and the motion was argued before the court, and taken under advisement.

No authority is necessary to show that a judgment without notice is a nullity, and absolutely void, and it seems from the case of Harris v. Hardeman, 14 How. 334, 14 L. Ed. 444, that where, upon the inspection of the whole record in a case, it affirmatively appears that the court rendering judgment had no jurisdiction of the defendant, that it may be on motion set aside. In the case at bar, however, as already stated, the judgment itself recites the notice. The sci. fa. is not produced, and appears to be lost. In its absence the inspection of the whole record affirmatively shows that service was had upon the surety, Albert Taylor, and the court, therefore, had jurisdiction of the defendant. Having jurisdiction of the subject-matter and of the defendant, the case of Harris v. Hardeman is inapplicable. Where the record affirmatively shows service and the judgment debtor desires to assail the truthfulness of the return of the officer, or the recital of service in the judgment, the remedy, it would seem, is by bill for an injunction. See Earle et al. v. McVeigh, 91 U. S. 503, 23 L. Ed. 398; Wingfield v. McLure et al., 48 Ark. 510, 3 S. W. 439; Fuller v.

Townsley-Myrick Dry Goods Co., 58 Ark. 316, 24 S. W. 635; Crafts v. Dexter, 8 Ala. 767, 42 Am. Dec. 666. This is the remedy, because the time has expired in which a writ of error could be sued out to correct the record. A certiorari will not lie to quash a judgment, except where it appears on the face of the record that the court rendering the judgment had no jurisdiction of the subject-matter or the parties. Harris v. Barber, 129 U. S. 366, 9 Sup. Ct. 314, 32 L. Ed. 697. Moreover, no court of the United States can revise or amend its own final decree, or judgment, for errors of fact or law after the end of the term in which said decree or judgment was rendered, provided, of course, the record shows that the court rendering such judgment or decree had jurisdiction of the subject-matter and the parties. U. S. v. Wallace (D. C.) 46 Fed. 570; Sibbald v. U. S., 12 Pet. 488, 9 L. Ed. 1167; Bronson v. Schulten, 104 U. S. 417, 26 L. Ed. 997; Phillips v. Negley, 117 U. S. 674, 6 Sup. Ct. 901, 29 L. Ed. 1013. In U. S. v. Wallace, supra, the court held that the statutes of the state did not apply to cases of this character which are pending in a criminal court —citing State v. Wilder, 13 S. C. 344—and also held, as we think properly, that the recognizance is the judgment, and the proceeding by way of sci. fa. is used solely to confirm the judgment, saying:

"There is no doubt that a recognizance is in the nature of a judgment confessed of record (State v. Ahrens, 12 Rich. Law [S. C.] 493), and that the sci. fa., by its own language, is to confirm it."

I conclude that the motion will not lie, that the demurrer should be sustained, and the motion itself denied, to which the defendant Taylor may note his exception.