## SCANLAND, Ad., et al. vs. MIXER.

1. JUSTICE OF THE PEACE: *Their power over their process. Equity can not enjoin.*

A justice of the peace has control of an improper or improvident execution issued by him, and may recall and quash it. Or the circuit court may bring up the proceedings by *certiorari*, and grant relief. But equity can not enjoin it. It has no power to *correct* even the grossest errors of inferior courts.

Scanland, Ad., et al., vs. Mixer.

APPEAL from Arkansas Circuit Court in Chancery.
Hon. J. A. WILLIAMS, Circuit Judge.
E. L. Johnson for appellant.
Gibson, contra.

EAKIN, J. Bullock, on the fifteenth of July, 1874, recovered a judgment against Mixer, before a justice of the peace of Morris township, for the sum of $187.70. The suit had been removed, by change of venue, from another township. An appeal was prayed and granted. The affidavit and bond required by law were duly filed on the thirty-first of the same month. The justice failed to send up the transcript to the next term of the circuit court, and his office expired in November following. On the twenty-seventh day of February, 1875, his successor issued an execution on the judgment, which was levied upon the goods and chattels of Mixer. He obtained from the probate and county judge an interlocutory order restraining the plaintiff, Bullock, and the constable, from proceeding with the execution. The court overruled a demurrer to the complaint, and upon hearing, upon bill, answer and exhibits, made the injunction perpetual. Meanwhile Bullock had died, and his administrator, Scanland, had entered an appearance. The defendants below appealed.

The execution was unlawful. The appeal was granted at the time of the rendition of the judgment, and the affidavit and bond required by section 3819 of Gantt's Digest, was filed within thirty days. This suspended all further proceedings before the justice. He was not required to give a certificate of appeal unless an execution had been already issued. The proceedings were before

him, or should have been turned over to him by his predecessor. He had no authority to proceed further.

Courts of chancery do not sit, however, to correct even the grossest errors of inferior courts. There must be some special element of equity jurisdiction to justify an interference—some impending mischief otherwise irremediable, some want, or peculiar obstruction, of legal redress. The remedies in this case were plain.

A justice of the peace has control of an improper or improvident execution issued by him, and may revoke and quash it. If he should refuse to do so, or, from accident be unable to act, the circuit court, by its general supervisory power may, on proper application, bring up the proceedings by certiorari, and grant relief. Or the better course still would have been, for the appellant from the judgment of the justice to have prosecuted his appeal and obtained a rule for the proceedings and a supersedeas.

No reason is shown why these were not pursued. The demurrer should have been sustained.

Reverse the decree and dismiss the bill here, without prejudice to either party in the appeal, which is still pending from the original judgment before the justice.