Shaul and Another v. Duprey.

---

### SHAUL AND ANOTHER v. DUPREY.

| | |
|---|---|
| 48 | 331 |
| 54 | 542 |
| 48 | 331 |
| 58 | 318 |
| 48 | 333 |
| f66 | b03 |
| 48 | 331 |
| 79 | 289 |
| 81 | 51 |
| f82 | 331 |

INJUNCTION: *Against executions. Sureties on appeal bond.*

That a judgment against the surety of an appellant from the judgment of a justice of the peace in a criminal case was rendered without notice to the security, at a term of the circuit court subsequent to the term at which the appellant was convicted, gives no jurisdiction to chancery to enjoin the execution of the judgment, whether notice was necessary or not; for if not necessary the judgment is right. But if necessary, the surety has ample and adequate remedies at law to quash the judgment, though it be void for want of notice.

APPEAL from *Lee* Circuit Court.
Hon. M. T. SANDERS, Judge.

*H. N. Hutton,* for appellants.

The judgment rendered at the spring term, 1884, was full and complete, and under it a partial satisfaction has been made. The judgment at the October term was likewise a full and complete judgment, and not within the scope or authority of the circuit court to render same as a *nunc pro tunc* order. The second judgment is void, no notice having ben given to appellants, nor opportunity given them to show what satisfaction had been made upon the original judgment.

SMITH, J.   The object of this bill was to enjoin the execution of a judgment which was alleged to be void for want of notice.

From the bill, answer and exhibits, it appeared that one Richardson, having been found guilty of a criminal offense by a justice of the peace, had taken an appeal, giving a supersedeas bond with plaintiffs as his sureties; that he was again convicted in the circuit court and judgment rendered against him and his sureties for a fine of $200 and costs, but by some clerical misprision, the judgment was in fact entered against Richardson alone; that at the next term the court, without any notice to the parties to be affected, had undertaken by a *nunc pro tunc* entry to amend its record to show a judgment against the sureties as well as Richardson, and for satisfaction of such judgment, an execution had been issued and placed in the hands of Duprey, the sheriff of the county, under which the property of the plaintiffs had been seized.

At the hearing the circuit court dismissed the bill.

In appeals from justices of the peace in criminal causes, where the judgment has been superseded, *sec. 2435 of Mansf. Dig.* authorizes the rendition of judgment, in case of conviction, against the principal and sureties in the bond without further notice. According to the cases of *Rogers v. Brooks, 31 Ark., 194,* and *Freeman v. Mears, 35 ib., 278,* the judgment against the sureties might be entered at a subsequent term without notice to them. If those cases are correct, the decree dismissing the bill is obviously correct. If, on the other hand, it be conceded that those cases were wrongly decided, *sec. 3910 of Mansf. Dig.*, requiring proceedings to correct misprisions of the clerk to be on reasonable notice to the adverse party, and *sec. 5201,* declaring all judgments rendered without notice to be absolutely void, the decree is still correct.   For the

party aggrieved by such a judgment has an ample remedy at law by appeal, or by *certiorari* with a temporary restraining order (*Mansf. Dig., sec. 1369*); or by an application to the court which rendered the judgment to recall and quash the execution. If the court was not in session, the judge in vacation could stay the execution of the process until the court met. *Mansf. Dig., sec. 2988 et seq.; Constitution of 1874, art. 7, sec. 14; King v. Clay, 34 Ark., 291; Stillwell v. Oliver, 35 ib., 184; 1 High on Injunctions, 2 Ed., secs. 228, 231.*

We do not mean to impugn the authority of *Ryan v. Boyd, 33 Ark., 778.* In that case the execution was levied on real estate, and the title thereto was liable to be clouded unless the sale was restrained. So there might be instances where a court of equity would be justified in interfering to prevent the sale of chattels, as, for example, family pictures, which have a peculiar value far above the market price; or slaves, when the institution of slavery existed. But ordinarily the judgment defendant has an adequate legal remedy, and there should be some other element of equity besides the allegation that a judgment is void, to call for the interposition of the Chancellor.

Decree affirmed.