## WINGFIELD v. McLURE AND ANOTHER.

1. INJUNCTION: *Against void judgment.*

   Equity will not enjoin a judgment merely because it is void. The plaintiff must show in his bill for injunction that he has no adequate remedy at law, either by appeal from the judgment, or *certiorari,* or by application to the court which rendered it, or in any other legal manner.

2. SAME: *Damages for enjoining void judgment.*

   No damages can be assessed upon the dissolution of an injunction of a void judgment. The judgment being void, no damages could be sustained by enjoining it.

APPEAL from *Nevada* Circuit Court.

Hon. L. A. BYRNE, Judge.

Wingfield v. McLure and Another.

## STATEMENT.

The appellant filed his complaint in equity, stating in substance that Geyer, Adams & Co. had issued out of the circuit court a writ of garnishment against him, commanding him to answer on a day named the amount of his indebtedness, etc., to one Owens, against whom they had recoverd a judgment for $130. That the writ was duly served on him, and on the return day thereof they filed allegations and interrogatories against him. That before the return day he was taken sick, and for several days remained sick and unable to attend court, and thence was unavoidably prevented from attending by an intervening overflow of the river between his residence and the court, until, as he thought, the court had adjourned. That Geyer, Adams & Co. recovered judgment against him by default, and was attempting to enforce it by execution against his property. That he owed Owens nothing, nor had any property or effects of his in his hands except some worthless claims which he offered to surrender. He prayed for an injunction, and a temporary injunction was issued. At the return term the court sustained a demurrer to the complaint and dismissed it, dissolved the injunction and assessed damages against the plaintiff for wrongfully suing it out. The plaintiff appealed.

*Atkinson & Tompkins*, for appellant.

1. The judgment, the collection of which is sought to be enjoined, is void. *Ch. 71, Mansf. Dig.*, was repealed by the code. *Sec. 317, Mansf. Dig.* The language is *exclusive*, except as to the co-ordinate provisions contained in *secs. 3084–8, Mansf. Dig. 30 Ark., 31; 45 ib., 90.* All other rules are expressly abrogated by *secs. 4910, 5317* and *6363, Mansf. Dig.* See *45 Ark., 271; 3 Metc., 171.* If void, the

judgment should be quashed on injunction. *33 Ark., 778; Freeman on Judg., pp. 495, 497; 7 Bush., 46; 2 S. W. Rep., 195.*

2. Plaintiff shows that he has a good defense to the action, and was prevented from making the same by unvoidable casualty, unmixed with negligence on his part. *14 Ark., 360; 26 ib., 63.* The same certainty of proof is not required to establish the excuse for not making the defense as would be demanded to establish the defense itself. *6 Heisk. (Tenn.), 33; 7 Humph. (Tenn.), 39.* Parties are only bound to use such a decree of diligence as is requisite in the ordinary business of life. *Freeman on Judg., p. 503; 26 Ver., 430; 17 Conn., 530.*

3. The mistake of the time during which the Nevada circuit court sat was one of fact, against which equity will relieve. *38 Ark., 283; High on Inj., pp. 45, 120-1; Bish. Eq., p. 182 et seq.; 13 Ark., 129.*

4. Even if a mistake of law, appellant is entitled to the relief sought. *Bish. Eq., sec. 187; 15 Am. Rep., 162, note p. 171; 8 Wheat., 174; 1 Peters, 1; 10 ib., 137; 12 ib., 32; 98 U. S., 85.*

*Smoote, McRae & Hinton,* for appellees.

I. *First*—A judgment void for want of jurisdiction cannot ordinarily be enjoined on that ground alone. *High on Injunctions, secs. 45, 88, 131.*

*Second*—Even if it can the question ought to be made in the court below, and cannot be raised here for the first time. *37 Ark., 206; 31 ib., 480; 26 ib., 398.*

*Third*—Even if it had been necessary to follow the attachment act as to garnishments, the judgment is not void, for the record shows it was substantially followed; the writ was issued and served, and this court, in favor of the

court below, will presume that a complaint was filed and evidence taken. *17 Ark., 337; 24 ib., 359; 39 ib., 337; 35 ib., 95 and 99; 30 ib., 72; 25 ib., 311.*

But if no evidence had been taken that would have been a mere irregularity for which the judgment would not be enjoined. *8 Ark., 318; 35 ib., 99; 42 ib., 560.*

*Fourth*—But it was not necessary to follow the garnishment sections of the attachment act. They are not in conflict with *chapter 71, Mansf. Digest.* The two pertain to different subjects. *Chapter 71,* to judgments obtained without attachments; the garnishment sections of the attachment act to judgments in which attachments are sued out. *30 Ark., 224; 32 ib., 225.*

II. If we are right in either of the foregoing positions, then the judgment will not be enjoined on the facts. Appellant's proposed defense is purely legal, and the rule in such cases is, that the applicant must show that he was prevented from interposing his defense at law by fraud, accident or mistake, unmixed with negligence on his part. *1 Ark., 186; 6 ib., 79; 6 ib., 317; 14 ib., 360; 26 ib., 62; 35 ib., 107; 42 ib., 560; 43 ib., 107.*

Appellant's sickness did not commence until the day prior to the return day of the writ, and he made no preparation for defense. The term commenced March 3, 1884, and could by law continue for five weeks (*acts 1883, p. 110*), and there is no allegation that it adjourned sooner. This gave appellant ample time to offer his defense at law, after his sickness was over and the waters had abated, and it was negligence in him not to do so; nor does he allege that it had actually adjourned before he could have gotten there, which he no doubt would, if he could truthfully have done so. (*Wilson v. Phillips, 5 Ark., 183.*) By the way, in point of fact it did hold until the 4th of April. The appellant's allegation that he did not think the term

33-48

lasted longer than two weeks cannot help him, whether he meant ignorance of the law or a mistake of fact; because either ignorance of law or mistake of fact, which can be removed by a little diligence, is negligence. After the obstructions of sickness and high water had been removed he should have inquired into the matter and offered his defense at law, showing the obstacles that had prevented him from doing so earlier. He had only fifteen miles to ride to do this. Having failed to do so, the law imposes on him the consequence of his negligence, and does so without regard to any seeming hardship in the matter. *High on Injunctions, sec. 99.*

1. In-junction against void judgment.

BATTLE, J. The judgment recovered by appellees, Geyer, Adams & Co., against appellant for $143, in the Nevada circuit court, at the March term thereof in 1884, is void. *Giles v. Hicks, 45 Ark., 271; St. L., I. M. & S. Ry. v. Richter, ante. 345.*

The appellant fails to show in his complaint that he has not a full and adequate remedy at law. Unless he can show that he has not such a remedy, either by appeal, *certiorari*, application to the court itself which rendered the judgment, or in any other legal and adequate manner, he is not entitled to relief by injunction. The demurrer to the complaint was properly sustained. *1 High on Injunctions, secs. 229, 230; Sanders v. Sanders, 20 Ark., 610; Bell v. Greenwood, 21 Ark., 249; Stillwell v. Oliver, 35 Ark., 187.*

2. Damages upon dissolution.

The court erred in assessing damages on the dissolution of the injunction and rendering judgment therefor against appellant. The judgment enjoined being void, no damages were sustained by the stay of proceedings thereon.

The decree of the court below is therefore reversed, and a decree will be entered here in accordance with this opinion.