## DRIGGS' BANK V. NORWOOD.

EXEMPTION: *Enjoining sale.*

> The chattel of A., which he was entitled to claim as exempt, was levied on by execution on the 7th of February, and the sale was advertised for the 18th of the same month. Living at a distance from the place where the levy was made, he was not apprised of it until it was too late to give the five days' notice of filing his schedule and claim of exemption, as required by section 3006 of Mansfield's Digest. He thereupon brought his bill to enjoin the sale. *Held:* That he was entitled to no relief in equity, as under section 2988 of Mansfield's Digest, he might have obtained an order staying proceedings under the execution, until his claim of exemption could be made and determined.

APPEAL from *Nevada* Circuit Court.

L. A. BYRNE, Judge.

*Atkinson & Tompkins* for appellant.

Courts will not enjoin the sale of personal property, (*29 Ark., 340; 35 id., 184; 33 id., 633; 14 id., 339; 20 id., 610;*) although it may be exempt, (*36 Ark., 48*). Appellee had an adequate remedy at law. *Mansf. Dig., sec. 3012.*

*Montgomery & Hamby* for appellee.

The only remedy afforded a judgment debtor to prevent a sale of his property on execution is found in sections 3006 to *3013* of Mansfield's Digest. Appellee was deprived of this remedy by circumstances which were beyond his control. He was then without remedy. He could not replevy. *Mansf. Dig., sec. 5572.*

An injunction will lie to prevent sale of chattels where injury will result to the owner, and the remedy at law is inadequate. *35 Ark., 184; 4 Ark., 302.*

Driggs' Bank v. Norwood.

A sale of exempt property may be enjoined. *1 High on Inj.*, *225, sec. 122; 39 Texas, 363.*

SMITH, J. Driggs & Co.'s bank recovered a judgment against Norwood in the Circuit Court and caused an execution to be levied on a carriage and harness. The levy was made February 7, 1884, and the sale was advertised for the 18th of the same month. The property was seized at the county seat; and Norwood, living at the distance of eighteen miles, was not apprised of such seizure until it was too late to give the five days' notice of filing his schedule and claim of exemptions, contemplated by section 3006 of Mansfield's Digest. He thereupon rushed into equity to enjoin the sale. His bill set forth the circumstances, which prevented his claim from being made earlier and in the regular way. And it alleged that the value of the property levied upon, together with that of all other personal property owned by him, was not equal to his constitutional exemption.

A temporary injunction was awarded and a restoration of the property was directed.

A demurrer to the bill having been overruled, the defendants answered and insisted on the lien acquired by their levy. But the injunction was made perpetual.

The pleadings and evidence show plainly enough that Norwood is entitled to claim this property as exempt from execution. But the statutory method for making the claim is exclusive of all others. In *Settles v. Bond, ante,* we decided that replevin would not lie for the exempt property, not because it was in *custodia legis,* but because, until a schedule was filed, the execution defendant was not pursuing the remedy pointed out by the statute.

Neither can a bill in equity be allowed to restrain the sale of chattels under execution unless it shows that the plaintiff in

EXEMPTION:
Enjoining sale.

such bill has no other means of stopping the sale, and that by such sale irreparable damage will result to him. *Lovette v. Longmire, 14 Ark., 339; Murphy v. Harbison, 29 id., 340; Stillwell v. Oliver, 35 id., 184; Jacks v. Bigham, 36 id., 481.*

In *Nichols v. Claiborne, 39 Tex., 363*, it was held that a sale of exempt property might be restrained by the judgment debtor. But this seems to be contrary to principle. And it is difficult, if not impossible, to conceive of any state of circumstances which would call for the interference of a court of equity, since adequate relief may generally be had, either by superseding the sale under statutory provisions, or by an action at law. *1 High on Injunctions, sec. 122; Baxter v. Baxter, 77 N. C., 118.*

Granting that Norwood was prevented, by causes over which he had no control, from giving the required notice and filing his schedule before the day of sale, yet he had only to apply to the Judge of the Circuit Court—the same Judge who granted the preliminary injunction—by petition setting forth the circumstances ; and if his excuse was deemed sufficient, it would have been the duty of the Circuit Judge to order further proceedings under the execution to be stayed until the debtor's claim of exemption could be made and determined. *Mansf. Dig., sec. 2988.*

The decree is reversed and the bill dismissed.