FULLER *v*. TOWNSLY-MYRICK DRY GOODS CO.

Opinion delivered December 23, 1893.

*Injunction—Judgment at law.*

The collection of a judgment at law will not be restrained merely because it is void, where plaintiff fails to show that he has no adequate remedy at law.

Appeal from Scott Circuit Court in Chancery.

EDGAR E. BRYANT, Judge.

Suit by Townsly-Myrick Dry Goods Company and D. A. Wilson against L. P. Fuller, sheriff, Barton Bros., and Israel Brothers. The facts are stated by the court as follows :—

The appellees petitioned the circuit court for certiorari to quash a judgment against D. A. Wilson in favor of Barton Bros., obtained in the court of Israel Brothers, a justice of the peace. The writ of certiorari and a

temporary restraining order were issued and served, but not until after the sale of the goods by the sheriff, as mentioned hereafter. Before the suit was brought, the sheriff had levied the execution issued upon the judgment sought to be quashed upon a part of a stock of goods in the store-house of Wilson, which was claimed by the Townsly--Myrick Dry Goods Company under a mortgage made to it by Wilson. The service of the writ upon the sheriff having been made after the sale of the goods under the execution, he held the proceeds of the sale subject to the order of the court.

Upon motion of the appellants, Townsly–Myrick Dry Goods Company was stricken from the complaint. Upon motion of the appellees, in which said company joined, by permission of the court, the cause was transferred to equity, and the plaintiffs filed an amended complaint in equity, the temporary restraining order being continued in force.

The issuance of the execution upon the judgment of the justice of the peace, its levy upon the property and the sale of the goods by the sheriff, and the fact that he held the proceeds of the sale, were stated in the complaint, which alleged that the judgment on which the execution had been issued was void for the want of jurisdiction of the person of Wilson, against whom it had been rendered, and it was further alleged in the complaint that, before the rendition of said judgment, said Wilson had executed a mortgage on the goods so sold by the sheriff to said company, and that the company had taken possession of the goods under the mortgage; that Barton Bros. were threatening to proceed further under said judgment by having further execution. The prayer was that the sheriff be restrained from paying over the proceeds of the sale to Barton Bros., and that he be ordered to pay the same to the Townsly–Myrick Dry Goods Company; that the

justice of the peace be restrained from issuing further executions on the judgment, and that Barton Bros. be restrained from enforcing the same; and for general relief.

The appellants demurred to the complaint on the grounds that the court had no jurisdiction of the subject-matter of the action, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The appellants answered, having excepted to the overruling of the demurrer. The answer admitted the facts as set out here, and denied that the judgment on which the execution had been issued was void.

The court decreed that the judgment of Israel Brothers, the justice of the peace, was void, made the injunction perpetual, and ordered the proceeds of the sale of the property in the hands of Fuller, the sheriff, paid to Townsly–Myrick Dry Goods Company. The case is here on appeal from this decree.

On the same day after the judgment had been rendered, the plaintiffs below asked leave of the court to amend the complaint by striking from it so much of the prayer of the complaint as asked that the sheriff be directed to pay to the Townsly–Myrick Dry Goods Company the money he had received upon sale of the goods under the execution, and for leave to pay the same, which the sheriff had paid to it under the decree, back to the sheriff, and they also moved that the decree be so amended as to leave out the directions in it to the sheriff to pay the money received from sale of the goods under the execution to them; which was resisted by the defendants, and refused by the court. The plaintiffs, at the time excepted. From this refusal of the court there is no appeal by the plaintiffs, the appellees here.

*Daniel Hon* for appellants.

1. The findings of a chancellor on a question of fact, while not conclusive, are persuasive. 41 Ark. 292.

2. The judgment of the justice was not void. 52 Ark. 373; 8 Wend. 568; 11 Pac. Rep. 158; Freeman, Judg. sec. 53 *et seq.;* 43 Ark. 233.

3. The remedy at law was adequate. A judgment will not be enjoined when there is no evidence of a good defense to the merits, or where it is contrary to equity and good conscience. 32 Ark. 438. There was only a lack of formality in rendering the judgment. 42 Ark. 560. Equity does not enjoin for mere errors or irregularities. *Ib.* 560. The remedy is by appeal.

*Sandels & Hill* for appellee.

1. Injunction was the proper remedy. 22 Pac. Rep. 505; 30 Ark. 594; 33 *id.* 778. A justice has no jurisdiction to entertain an injunction suit. 44 Ark. 381; 55 *id.* 101. All questions as to affidavits, etc., were waived by answering over. 43 Ark. 231.

2. The recitals of a justice's entries are only *prima facie* true, and may be overturned by *parol.* 46 Ark. 231; 43 *id.* 232. There was no *court*, and no *legal* confession of judgment. 52 Ark. 373; 8 Wend. 568.

HUGHES, J. (after stating the facts). The plaintiff got what he sought to obtain by his suit, *i. e.* the proceeds of the sale of the goods.

If the judgment of the justice of the peace was void, the appellees have not alleged or shown that they were without full, complete and adequate remedy at law. "Equity will not enjoin a judgment merely because it is void. The plaintiff must show in his bill for injunction that he has no adequate remedy at law, either by appeal from the judgment or by certiorari, or by application to the court which rendered it, or in any

other legal manner." *Wingfield* v. *McLure*, 48 Ark. 510 ; *Shaul* v. *Duprey*, 48 *ib*. 331.

The judgment is affirmed, save that part of it which declares the judgment of the justice of the peace void, and makes the injunction perpetual; but as to those particulars it is reversed and remanded, without prejudice to any right of the appellees to take such further steps as they may think proper.