## DALE v. BLAND.

### Opinion delivered January 24, 1910.

1. JUDGMENT—RELIEF AGAINST FRAUD OR MISTAKE.—A judgment at law may be vacated or modified for fraud or mistake in its procurement in a proceeding instituted for that purpose in the court in which it was rendered. (Page 269.)

2. INJUNCTION—ADEQUACY OF REMEDY AT LAW.—A judgment at law will not be enjoined for fraud or mistake unless there is no full and adequate remedy at law, either by appeal, certiorari, application to the court which rendered the judgment, or in any other legal and adequate manner. (Page 269.)

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; reversed.

The appellee alleges that Ida R. Dale obtained judgment for twenty-five dollars against one Jas. P. Barrett in the justice of the peace court of Prairie County, and had garnishment issued against W. H. Bland & Company; that Barrett filed a schedule, claiming as exempt all indebtedness due him from Bland & Company; that same was allowed and supersedeas issued. That Dale then filed certified copy of that judgment with a justice of the peace in Pulaski County; that both members of the firm of Bland & Company were residents of Prairie County, and in business there; that W. H. Bland, a member of said firm, was served with summons as garnishee, issued by said justice of the peace in Pulaski County, while he was in that county temporarily and for medical attention; that judgment was rendered in said suit against W. H. Bland & Company for $83.44; that said summons and said judgment were obtained through the fraudulent representations of Dale and her agent to the justice of the peace as to the amount of the judgment and costs adjudged by the justice in Prairie County, and as to the residence of W. H. Bland; that, after judgment was obtained in said suit in Pulaski County, Dale sent to Bland & Company a statement showing that said judgment amounted to $68.45, and asking for that amount in full settlement, and that Bland & Company sent to said Ida R. Dale their check for that amount, and indorsed across the face of it, "Settlement in full of claim debt and cost of you against J. P. Barrett;" that said check was accepted and collected; and that Dale then waited until more than thirty days had elapsed since the date of said judgment in the justice court of Pulaski County, and then filed a transcript of said judgment in the circuit court of Pulaski County, and had execution issued and sent to Prairie County to be levied on the property of Bland & Company; that said execution showed the payment of the $68.45, but allowed it as a credit and not in full settlement, and showed a balance due of $14.99 and more costs. The complaint prayed that the temporary restraining order be made perpetual.

The demurrer was as follows:

"First. That the court has no jurisdiction of the subject of this action.

"Second. That the court has no jurisdiction because the amount involved is too small for the court to grant relief prayed.

"Third. That the plaintiff has a full, complete, adequate remedy at law.

"Fourth. That the plaintiff does not state facts sufficient to constitute a cause of action in equity."

The demurrer was overruled. Appellant refused to plead further. The court entered a decree, restraining the sheriff from proceeding under the execution and appellee Dale from collecting the balance claimed by her to be due on the judgment. Appellants seek by this appeal to reverse the decree.

*W. T. Tucker,* for appellant.

1. The court had no jurisdiction of the subject of the action. Kirby's Dig., § 3986; 48 Ark. 331; Mansfield's Dig., § 2988 *et seq.;* art. 7, § 14, Const. 1874; 34 Ark. 291; 35 Ark. 184; 1 High on Inj., 2d Ed., § § 228, 231; 48 Ark. 136; *Id.* 510; 63 Ark. 323; 82 Ark. 330; 81 Ark. 51; 79 Ark. 289; 58 Ark. 314.

2. The amount involved was too small for the court to grant the relief prayed for. Kirby's Dig., § 3985.

3. The plaintiff had a full, complete and adequate remedy at law. Kirby's Dig., § 3224; 81 Ark. 51; 82 Ark. 331; 58 Ark. 314; 79 Ark. 289. The complaint does not allege that plaintiff was without an adequate remedy at law, hence it does not state a cause of action in equity. 58 Ark. 314.

*J. G. & C. B. Thweatt,* for appellee.

The judgment in the justice court of Pulaski County was excessive and procured by fraudulent representations of plaintiff. Plaintiff was defeated of his legal remedy of appeal by the fraudulent acts of Dale and her agent in representing a smaller sum as the amount due, and accepting check in full settlement of judgment and costs, thus deceiving him until the thirty days allowed for appeal from a justice to the circuit court had elapsed. The chancery court had jurisdiction. 75 Ark. 425; 33 Ark. 782.

WOOD, J., (after stating the facts.) . The appellees do not allege, nor do the facts stated in the complaint show, that they did not have a complete and adequate remedy at law. As was said by us in *Wood* v. *Stewart,* 81 Ark. 51: "Appellee's remedy to vacate or modify the judgment for fraud or mistake in its procurement is complete at law by proceeding instituted for that purpose in the court in which it was rendered." Kirby's Digest, § § 4431, 3224; *Knight* v. *Creswell,* 82 Ark. 330; *Hunton* v. *Euper;* 63 Ark. 323; *Driggs' Bank* v. *Norwood,* 49 Ark. 136.

Unless appellee shows that he has not a full and adequate remedy at law, "either by appeal, certiorari, application to the court itself which rendered the judgment, or in any other legal and adequate manner," it is not entitled to relief by injunction. *Wingfield.* v. *McLure,* 48 Ark. 510. See also *Shaul* v. *Duprey,* 48 Ark. 331.

The appellee having a complete and adequate remedy at law for the relief it seeks, the court erred in not sustaining the demurrer.

The judgment is therefore reversed, and the cause is dismissed.

HART, J., dissents.