METCALF v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-

WAY COMPANY.

Opinion delivered December 4, 1911.

1.  JUSTICE OF THE PEACE—APPEALABLE JUDGMENT.—A decision of a justice
    of the peace refusing to quash an execution alleged to be void is such
    a final judgment as is appealable.   (Page 195.)

2.  GARNISHMENT—WAGES OF RAILROAD EMPLOYEES.—Under Kirby's
    Digest, sections 3695, 3696, prohibiting the issuance of a garnishment
    "where the sum demanded is $200 or less and where the property sought
    to be reached is wages due to a defendant by a railroad corporation
    until after judgment shall have been recovered by plaintiff against
    defendant in the action," the statute applies to garnishments by attach-
    ment as well as garnishments authorized before judgment, and a de-
    fault judgment rendered against a railway company as garnishee in
    violation of its terms is void, even though the defendant consented
    thereto.   (Page 196.)

Appeal from Baxter Circuit Court;  *J. W. Meeks*, Judge;
affirmed.

*Allyn Smith*, for appellant.

1.   An order made by a justice of the peace in a summary
proceeding after judgment is but an order, and not a final
judgment.   Kirby's Digest, § § 4665, 6228, 4226, 6265.

2.   A statute which, in classifying creditors and debtors,
uses as a basis of classification the amount in controversy, and
gives to one class a remedy, and denies to the other class the same
process, is an arbitrary classification and in violation of the
equality clauses of both State and Federal Constitutions.
The act, Kirby's Digest, § § 3695, 3696 is therefore void.
Fourteenth Amendment, Const. U. S.; Const. Ark. 1874, Dec-
laration of Rights, § § 2, 3, 13, 18;  174 U. S. 96;  165 U. S.
150;  72 Ark. 358-359;  111 S. W. (Ark.) 461;  183 U. S. 104;
118 U. S. 369;  174 U. S. 96;  70 Mich. 382;  65 Ala. 193-199;
64 L. R. A. 325;  3 Sawyer 144;  1 Fed. Cas. No. 102.

In the enactment of the above statute the Legislature could
have intended only to give a remedy where none before existed,
and not to interfere with or take away a remedy already exist-
ing.   The statute therefore does not extend to garnishments
in aid of attachments provided for by sections 352 and 353
Kirby's Digest.

The statute was enacted for the benefit of debtors, and a debtor may waive its benefits. 5 Kan. 277; 28 Ill. 80; 3 Grant 97; 1 Ore. 341.

*W. E. Hemingway, E. B. Kinsworthy, Z. B. Horton* and *James H. Stevenson,* for appellee.

1. The proceeding in question here was based upon sections 3224-5-6, Kirby's Digest, and the order rendered by the justice of the peace was in effect a judgment, and appealable. The statute is by its terms applicable to a justice of the peace court. In addition, another statute, Kirby's Digest, § 4564, makes the procedure in the circuit court, so far as applicable, govern proceedings in justice of the peace courts. Moreover, there exists in justice of the peace courts, as in all other courts, the inherent power to control their processes, even after judgment, and to set aside, quash or recall executions improvidently issued. Art. VII, § 14, Const. Ark.; Kirby's Digest, § § 1310-12, 1314-19; 34 Ark. 354, 356; 52 Ark. 445; 13 Ark. 299; 19 Ark. 247; 12 Ark. 638; 8 Ark. 52; 1 Freeman, Executions, § 72; *Id.* § 73a; *Id.* § 77; 17 Cyc. 1152, 1153; 8 Enc. Pl. & Pr. 460, 461, 462.

2. Even under terms of sections 352, 353, Kirby's Digest, relied upon by appellant, the judgment by the justice of the peace was improperly rendered, and the execution was improvidently issued. Kirby's Digest, § § 378, 379 and note Z to the latter section; 45 Ark. 271; Kirby's Digest, § 4655; 67 Ark. 341-9. And a later act prohibits the issuance of a garnishment against a railroad company where the amount demanded is two hundred dollars or less and the property to be reached is wages due to an employee, until after judgment has been rendered against such employee; and if a garnishment is issued in advance of judgment against the defendant the railroad company is not required to answer, but may ignore it entirely. Kirby's Digest, § § 3695, 3696. This statute reaches to all garnishments where the amount demanded is two hundred dollars or less and the property sought to be reached is wages due from a railroad company to a defendant, and being a later remedial act, repeals conflicting provisions of former acts.

3. The act, Kirby's Digest, § § 3695, 3696, is constitutional, and this court has already upheld its validity. 86 Ark. 147.

McCULLOCH, C. J.   Appellant instituted an action against one Taylor on account for $74 before a justice of the peace, and sued out an order of general attachment with a garnishment clause summoning appellee, St. Louis, Iron Mountain & Southern Railway Company, as garnishee, the latter being indebted to Taylor for wages.   The record of the justice shows the following entry on the same day, after reciting service of summons and the writ of garnishment:

"December 4, 1909.   Defendant appears, and by agreement of the parties in open court the wages of defendant garnished in the hands of the railroad company is to be paid into court and credited upon the judgment that may be rendered in this case.   The attachment as to the property seized by the officer is discharged, and ordered the garnishee to pay money into court, defendant consenting in writing to its issuance."

On December 15, 1909, the justice rendered a judgment against said defendant, and against the garnishee, in favor of appellant for the amount of his said claim and the costs of suit. On August 4, 1910, an execution was issued on the judgment, and appellee, a few days later, filed with the justice a verified petition, alleging that the execution was void, and praying that the same be recalled and quashed.   Appellee also filed with the justice a bond undertaking to pay the judgment and costs if it be finally determined that the execution should not be quashed.   The justice made an order superseding further proceedings under the execution until the appellee's petition could be heard, but on final hearing denied the prayer of the petition, and appellee prayed an appeal to the circuit court, which was granted.   The circuit court granted the prayer of the petition and quashed the execution, and an appeal was taken to this court.

Appellant's counsel insists, in the first place, that the judgment or order of the justice refusing to quash the execution was not appealable, and bases his contention on the language of the statute, which provides that "any person aggrieved by any judgment rendered by a justice of the peace, except a judgment of dismissal for want of prosecution, may   *   *   *   take an appeal therefrom to the circuit court."   Kirby's Digest, § 4665.

It is insisted that the ruling of the justice refusing to quash

the execution was an *order* and not a judgment, and that the statute authorizes appeals only from judgments of a justice of the peace.    Under the Code of Civil Procedure a judgment is defined as "the final determination of the rights of the parties in an action."    Kirby's Digest, § 6228.

This court has held that a decision of a justice of the peace refusing to set aside a judgment wrongfully obtained or refusing to quash an execution issued on such judgment is such a final judgment as is appealable.    *Scanland* v. *Mixer*, 34 Ark. 354; *Woolum* v. *Kelton*, 52 Ark. 445; *Knight* v. *Creswell*, 82 Ark. 330; *Dale* v. *Bland*, 93 Ark. 266.

The statute expressly authorizes a proceeding to quash a void or improvident execution (Kirby's Digest, § § 3224-3226) and this proceeding is made applicable before justices of the peace.    Kirby's Digest, § 4564; *Scanland* v. *Mixer, supra; Dunnagan* v. *Shaffer*, 48 Ark. 476.

A statute of this State on the subject of garnishments before judgment reads as follows:

"Hereafter no garnishment shall be issued by any court in any cause where the sum demanded is two hundred dollars or less and where the property sought to be reached is wages due to a defendant by any railroad corporation, until after judgment shall have been recovered by plaintiff against defendant in the action.    No railroad corporation shall be required to make answer to, nor shall any default or other liability attach because of its failure to so answer, any interrogatories propounded to it in any action against any person to whom it may be indebted on account of wages due for personal services where a writ of garnishment was issued in advance of the recovery by plaintiff of a personal judgment against the defendant in any action for two hundred dollars or less, and any judgment rendered against any railroad corporation for its failure or refusal to make answer to any garnishment so issued before the recovery of final judgment in the action between the plaintiff and defendant in the cases mentioned in section 3695 shall be void, and any officer entering such a judgment or who may execute or attempt to execute the same shall be taken and considered a trespasser."    Act June 26, 1897, Kirby's Digest, § § 3695 and 3696.

This statute applies to garnishments by attachment as well

as garnishments authorized before judgment under the act of April 19, 1895. In the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Walsh,* 86 Ark. 147, we gave full force to this statute by holding that a judgment against a railway company as garnishee in violation of its terms is void, and we upheld the statute as a valid exercise of the legislative power. In Missouri there is a statute almost identical with ours, and the Supreme Court of that State held it to be constitutional. *White* v. *Missouri, K. & T. Ry. Co.,* 230 Mo. 287, 130 S. W. 325, 29 L. R. A. (N. S.) 875. We concur in the excellent reasoning of that court on the subject.

It is also contended that this statute is for the benefit of railroad employees, who can waive its provisions, and that the railroad company can not complain. It is true that the statute is for the benefit of the employee, but by its express terms the employer, the railroad company, is excused from answering in a case which falls within the terms of the statute, and a judgment rendered in violation of the statute is declared to be void. The railroad company therefore has the right to insist that no judgment be rendered by default on a garnishment issued before judgment. This point was raised in the Missouri case *supra,* and decided adversely to appellant's contention. It follows that the judgment of the circuit court was correct, and the same is affirmed.