SLEDGE-NORFLEET COMPANY *v.* MATKINS.

Opinion delivered July 3, 1922.

1. EXECUTION—WRONGFUL JUDGMENT—REMEDY AT LAW.—Where appellant took default judgment against appellee on an account on immature service, which was set aside on appellant's motion under agreement that appellee execute and deliver his note secured by mortgage, which was done, and at a succeeding term of court appellant, without further service, took a second default judgment on the same account, in violation of the above agreement, appellee, suing to enjoin the levy of an execution on the latter judgment, had an adequate remedy at law under Crawford & Moses' Digest §§ 4291, 5788, 6290, by procedure to have the judgment set aside.

2. EXECUTION—COMPLAINT ALLEGING PAYMENT.—In a suit to restrain a sheriff from levying an execution, based on a judgment upon an account, a complaint alleging payment of the account by executing a note and mortgage *held* not demurrable.

3. TRIAL—WRONG FORUM—REMEDY.—Under Crawford & Moses' Dig., § 1041, bringing a suit in equity, when the remedy at law was adequate, is not ground for dismissal of the suit, the remedy being a motion to transfer to the law court.

4. TRIAL—WRONG FORUM.—Under Crawford & Moses' Dig., § 1041, where a motion is properly made to transfer a suit in equity to the law court, it is reversible error to proceed with the case in equity.

5. TRIAL—WRONG FORUM.—Where, in a suit brought in equity which should have been brought at law, defendant elected to stand upon a demurrer, and made no motion to transfer the cause, it was not error to proceed in equity; the relief sought being within that court's jurisdiction.

6.   EQUITY—RELIEF AGAINST JUDGMENT AT LAW.—While equity will
     not order a new trial in a case tried at law, it may decree that
     unless the opposite party submits to a new trial, his judgment
     at law will be enjoined.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*Roy D. Campbell,* for appellant.

The chancery court was without jurisdiction. C. & M. Dig., sec. 5788; 55 Ark. 454; 133 Ark. 256; 79 Ark. 289.

The appellee had a complete remedy at law and should have proceeded in the law court. C. & M. Dig., sec. 6285 and sec. 6290; 33 Ark. 454; 97 Ark. 314; 138 Ark. 408.

The complaint of appellee did not state facts sufficient to constitute a cause of action. Sec. 6293, C. & M. Digest.

*R. M. Hutchins,* for appellee.

The complaint stated a cause of action. In assuming jurisdiction the equity court did not undertake to exercise supervisory or appellate jurisdiction over the circuit court. 61 Ark. 348.

In a proper case a court of equity may make a decree that unless the judgment holder should submit to a new trial, his judgment at law would be enjoined. 73 Ark. 566; 61 Ark. 348; 51 Ark. 343; 35 Ark. 123; 61 Ark. 348; 120 Ark. 156.

The complaint stated a cause of action and was not demurrable. 61 Ark. 341; 48 Ark. 510; 93 Ark. 266; 75 Ark. 507; 74 Ark. 297; 50 Ark. 458; 52 Ark. 80; 48 Ark. 331; 94 Ark. 111.

The judgment was taken by fraud and was properly set aside. 23 Cyc. pp. 1024, 1028, 1037, also pp. 1000 to 1005. Injunctive relief was properly granted on the following grounds: Payment, 15 R. C. L. p. 759; fraud, *Id.* p. 760; violation of agreement, *Id.* 765; misrepresentation, *Id.* 764; showing of meritorious defense, *Id.* p. 735.

SMITH, J. Appellee Matkins, plaintiff below, brought this suit in equity, and for his cause of action alleged that

a default judgment upon an open account was taken against him on immature service, and thereafter this judgment was set aside on motion of the plaintiffs in that case. That action was taken pursuant to an agreement between the parties whereby it was agreed that the cause of action upon which the judgment had been obtained would be disposed of in the following manner: Matkins was to execute and deliver to his creditor "a certain mortgage and note, said note being due November 15, 1921, which would liquidate the cause of action set forth in the above mentioned lawsuit upon which default judgment was had," and the note and mortgage were executed and delivered pursuant to said agreement. That at the following term of court defendants here (plaintiffs there), without further service took a default judgment upon the account, which had been paid by the execution of the note and mortgage, and that this was done in violation of the agreement pursuant to which the note and mortgage had been executed. Plaintiff here made no defense to that suit, as he had discharged the demand sued on, and his first knowledge that said judgment had been rendered came when the sheriff advised him that he had an execution issued thereon for service. There was an allegation that plaintiff was without adequate remedy at law and a prayer that the sheriff be restrained from levying the execution, and that on final hearing the injunction be made perpetual.

A demurrer to this complaint was filed upon the grounds, (1) that the chancery court had no jurisdiction; (2) that plaintiff had a complete remedy at law; and (3) that plaintiff's complaint did not state a cause of action.

The decree recites that the demurrer was overruled, and that the defendants "desire and elect to stand upon their demurrer," and it was by the court ordered that "the defendants be restrained and enjoined from proceeding under the judgment further until said defendants shall consent to a new trial of the cause of action

they may have against the plaintiff herein, at which the parties hereto shall be afforded an opportunity to be heard and present any and all defenses and equity to which they may be entitled; and, in the event that said defendants shall refuse to submit to a new trial of the said action, then this injunction shall be made perpetual.'' This appeal is from that decree.

The plaintiff was mistaken in his allegation that he had no remedy at law. He had a full, complete and adequate remedy at law. Sections 4291, 5788, 6290, C. & M. Digest; *Wood* v. *Stewart,* 81 Ark. 51; *Shaul* v. *Duprey,* 48 Ark. 331; *Gorman* v. *Bonner,* 80 Ark. 339; *Dale* v. *Bland,* 93 Ark. 266; *Knight* v. *Creswell,* 82 Ark. 330; *Wingfield* v. *McLure,* 48 Ark. 510; *Arkadelphia Lbr. Co.* v. *Asman,* 79 Ark. 284; *Hunton* v. *Euper,* 63 Ark. 323; *Driggs' Bank* v. *Norwood,* 49 Ark. 136; *Walker* v. *Files,* 94 Ark. 457; *Chambliss* v. *Reppy,* 54 Ark. 539.

The defendants insist that the complaint was demurrable because it alleged no defense to the cause of action sued on. But such is not the case. A valid defense, that of payment, is alleged. The allegation of the complaint is that the demand sued on was liquidated by the execution of a note and mortgage. If this is true, some innocent holder of the note might demand payment thereof, even if the judgment were satisfied by a levy and sale under the execution which issued upon the judgment.

As has been said, plaintiff had a complete and adequate remedy at law, and should have proceeded there. But the failure to do so was not ground for dismissing his complaint as prayed in the demurrer. Section 1041, C. & M. Digest. Had it been asked that the cause be transferred to law, it would have been error calling for the reversal of the judgment to have proceeded with the case in equity. *Cole* v. *Burnett,* 119 Ark. 386; *Farmer* v. *Towers,* 106 Ark. 123; *Cribbs* v. *Walker,* 74 Ark. 104; *Goodrum* v. *M. & P. Bank,* 102 Ark. 326; *Kampman* v. *Kampman,* 98 Ark. 328; *Gerstle* v. *Vandergriff,* 72 Ark.

261; *Burke* v. *St. L. I. M. & S. R. Co.,* 72 Ark. 256; *Organ* v. *Memphis & L. R. R. Co.,* 51 Ark. 235; *Harris* v. *Townsend,* 52 Ark. 411; *Love* v. *Bryson,* 57 Ark. 589; *Smith* v. *Pinnell,* 107 Ark. 185; *Horsley* v. *Hilburn,* 44 Ark. 458; *Gaither* v. *Gage,* 82 Ark. 51; *Brown* v. *Norvell,* 74 Ark. 484; *Weaver* v. *Ark. Nat. Bank,* 73 Ark. 462; *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208; *Rowe* v. *Allison,* 87 Ark. 206; *L. R. & F. S. Ry. Co.* v. *Perry,* 37 Ark. 164; *Berry* v. *Hardin,* 28 Ark. 458; *Grooms* v. *Bartlett,* 123 Ark. 255.

In the case of *Organ* v. *Memphis & L. R. R. R. Co.,* 51 Ark. 235, Mr. Justice BATTLE, for the court, said: "In *Talbot* v. *Wilkins,* 31 Ark. 411; *Moss* v. *Adams,* 32 Ark. 562; *Hammond* v. *Harper,* 39 Ark. 248; *Dorsey County* v. *Whitehead,* 47 Ark. 208, and *Catchings* v. *Harcrow,* 49 Ark. 20, it was held that an error as to the kind of proceedings adopted is not a good cause for dismissal, but only for a transfer of the cause to the proper docket; and that where no motion is made to correct the error, the court may either transfer on its own motion, or may proceed to a trial upon its merits.

"The latter rule is more in harmony with the spirit and letter of the Code of Practice in Civil Cases. The code abolished all form of actions, and provides that there shall be but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be called a civil action; and that the proceedings in a civil action may be of two kinds; first, at law, and second, in equity; that the plaintiff may prosecute his action by equitable proceedings in all cases where courts of chancery, before the adoption of the code, had jurisdiction, and must so proceed in all cases where such jurisdiction was exclusive; and that in all other cases the plaintiff must prosecute his action by proceedings at law. It further provides: 'An error of the plaintiff as to the kind of proceedings adopted *shall not cause the abatement or dismissal of the action,* but merely a change in

.the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket.' Such error may be corrected at the instance of either party, but is waived by a failure to move for its correction. Mansfield's Digest, secs. 4914-4928. In this case the action was dismissed, because, in the opinion of the court, the remedy of the plaintiffs was at law. If legal and equitable remedies were required to be administered in separate forms of action, this ruling would be correct. But under the code there is but one form of action for all kinds of civil remedies. All that the plaintiff is required to do in the statement of his cause of action is to state in his complaint facts to show that he is entitled to the relief demanded; and it is the duty of the court to treat his complaint as valid without stopping to speculate upon the name to be given to his action. If he states facts which entitle him to relief, either legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. If an error in the kind of proceedings adopted be committed, it should not be dismissed on that account, but the issue in the action should be tried according to the principles involved, and the relief he is entitled to should be granted without regard to such error. *Trulock* v. *Taylor*, 26 Ark. 54.''

The complaint in this cause recited facts entitling plaintiff to the relief of having the default judgment set aside, and, while he should have proceeded as provided by the statute, this is not a case of which equity, under no circumstances, could have assumed jurisdiction. There are circumstances under which equity will relieve against judgments at law. *Kansas & A. V. R. Co.* v. *Fitzhugh*, 61 Ark. 341; *Valentine* v. *Holland*, 40 Ark. 338; *Harkey* v. *Tillman*, 40 Ark. 551; *Johnson* v. *Branch*, 48 Ark. 535; *State* v. *Hill*, 50 Ark. 458; *Whitehill* v. *Butler*, 51 Ark. 341; *Jackson* v. *Woodruff*, 57 Ark. 599; *L. R. & H. S. Ry. Co.* v. *Newman*, 73 Ark. 555; *McLaughlin* v. *State*, 120 Ark. 156; *Wingfield* v. *McLure*,

48 Ark. 510; *Dale* v. *Bland,* 93 Ark. 266; *Knight* v. *Cres-well,* 82 Ark. 330; *Fuller* v. *Townsley-Myrick D. G. Co.,* 58 Ark. 314.

As was said in the case of *Cribbs* v. *Walker, supra,* this "is not a case where there is such a lack of jurisdiction of either the parties or subject-matter as the parties cannot waive. Where a suit is improperly brought in equity, it should not, on that account, be dismissed, but should be transferred to the law court; and if no motion is made to transfer the cause, the objection is waived." (Citing cases).

By electing to stand upon the demurrer, defendants took the position that a case was not made entitling plaintiff to relief; but, as we have said, they were wrong in this assumption. Under the allegation of the complaint the demand sued on had been discharged, and it was therefore improper to have rendered judgment upon it. Had plaintiff proceeded at law, he would have been entitled, under the allegations of his complaint, to have had the judgment set aside; and while equity will not order a new trial granted in a case tried at law (and has not done so here), yet in a proper case a court of equity might make a decree that unless the opposite party would submit to a new trial, his judgment at law will be enjoined, and this is the relief granted here. *L. R. & H. S. Ry. Co.* v. *Newman, supra; Kansas & A. V. R. R. Co.* v. *Fitzhugh, supra.*

By the operation of the decree upon the parties to the judgment at law, the defendant in that suit (the plaintiff in this) has been given, in effect, the relief which he would have obtained had he proceeded at law, and as, under the pleadings, that decree was a proper one, it is affirmed.