BETTERTON v. ANDERSON.

Opinion delivered May 10, 1926.

1. JUSTICE OF THE PEACE—JUDGMENT ON VERDICT.—A justice of the peace committed error in rendering judgment for the amount sued for, where the jury found for the plaintiff, without specifying the amount due.

2. JUSTICES OF THE PEACE—AUTHORITY TO MODIFY JUDGMENT.—While a justice of the peace has power to quash void process or to set aside a void judgment, and an appeal will lie from his judgment either granting or refusing that relief, he has no power to modify or change the judgment or to grant a rehearing for the correction of errors after ten days from the rendition of the judgment, as provided by Crawford & Moses' Dig., § 6450.

3. APPEAL AND ERROR—HARMLESS ERROR.—The error of dismissing an appeal from a justice of the peace, instead of affirming his judgment, was not prejudicial, as the effect of the order is the same as an order of affirmance.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*E. D. Chastain,* for appellant.

*D. H. Howell,* for appellee.

McCulloch, C. J. Appellee sued appellant before a justice of the peace to recover the sum of $187, alleged to be due for rent of land, and also caused an attachment to be issued and levied on certain property. Appellant's defense was that he was not to pay money rent, but was to pay a share of the crop. The case was tried before a jury, and, after the jury was impaneled, appellant paid to appellee, or to the constable, the sum of $30.50 as rent on the hay land, leaving a balance of $156.50, which was the rent claimed on corn land. The jury returned a verdict in the following form: "We, the jury, find a verdict in favor of the plaintiff, and sustain the attachment." The justice of the peace thereupon entered judgment in favor of appellee against appellant for the recovery of $156.50 and the costs, and the judgment entry contained a recital as follows: "There being no further controversy except plaintiff's alleged contract for $8 per acre for 19½ acres of corn land, the cause proceeded to hearing. After taking testimony and hearing arguments by counsel, the court instructed the jury that the only question for them to decide was whether the defendant should pay corn or money rent." This judgment was rendered on November 10, 1924, and on January 27, 1925, appellant presented a motion to the justice of the peace to set aside the judgment on the ground that, since the verdict of the jury did not specify any amount, the justice of the peace had no authority to render judgment except for costs. This motion was denied by the justice of the peace, and appellant thereupon prosecuted an appeal to the circuit court. The justice of the peace sent up a transcript containing all of his docket entries, including the judgment and the original papers, and when the cause came on for trial the matter was submitted to the court solely upon the transcript, and the court rendered a judgment dismissing the appeal.

It is contended that the justice of the peace should not have rendered a judgment where the verdict failed to specify any amount, and this contention is correct, but it was a mere error, and did not make the judgment void, the court having jurisdiction of the cause. It was an error which could only be corrected by appeal within the time specified by statute. *Taylor* v. *Hathaway,* 29 Ark. 597. No appeal was prosecuted from that judgment, and, instead of appealing, appellant, after the time therefor had elapsed, presented a motion to set aside the judgment—at least such was the effect of the motion, though the prayer was that the judgment be reformed so as to make the entry conform to the verdict of the jury.

It has been held by this court that a justice of the peace has power to quash void process or to set aside a void judgment, and that an appeal will lie from his order or judgment either granting or refusing that relief. *Scanland* v. *Mixer,* 34 Ark. 354; *Woolum* v. *Kelton,* 52 Ark. 445; *Knight* v. *Creswell,* 82 Ark. 330; *Dale* v. *Bland,* 93 Ark. 266; *Metcalf* v. *Railway Co.,* 101 Ark. 193. Those were cases, however, where either the judgment or the process was void, but in the present case, as we have already seen, the judgment was not void but was merely erroneous. The justice of the peace had no power to modify or change the judgment, or to grant a rehearing merely for the correction of errors, after ten days from the rendition thereof. Crawford & Moses' Digest, § 6449, 6450. The effort of appellant was not merely to correct an error in the entry of the judgment, but to correct the judgment itself and set it aside. The recitals in the transcript show that the entry reflected the judgment, and that the justice intended to render it, and that there was no error in the entry of the judgment, the error being in the judgment itself. There was no testimony introduced in the circuit court tending to show that there had been an error in the entry of the judgment. The justice was correct therefore in refusing, after the expiration of ten days, to modify his judgment.

The circuit court should not have dismissed the appeal, but should have affirmed the judgment of the justice refusing to set aside the former judgment. This error, however, goes merely to the form and not to the substance, for the effect is the same as if the circuit court had affirmed the judgment of the justice instead of dismissing the appeal. Nothing else was presented to the court except the transcript from the justice, and appellant was not entitled to any relief on his appeal. The form of the court's order is therefore unimportant, as the effect of the order is the same as if the judgment had been affirmed. For this reason the judgment of the circuit court will be affirmed, and it is so ordered.