Twin City Bank of North Little Rock v.
J. S. McWilliams Auto Company.

Opinion delivered January 12, 1931.

*Mahony, Yocum & Saye*, for appellant.
*Powell, Smead & Knox*, for appellee.

Butler, J. In an action in the court of the justice of the peace the Twin City Bank of North Little Rock caused a garnishment to be issued out of that court against the appellee auto company. The writ of garnishment was returned by the constable with his indorsement thereon showing service upon the garnishee, and on the return day, November 8, 1929, judgment in the main case was rendered against the defendant, and, the garnishee having failed to appear or answer, judgment was also rendered against it. On the 24th day of March, 1930, a writ of execution was issued against the appellee auto

company, whereupon it filed its bill in equity to avoid the judgment and to restrain the appellant from proceeding further thereon. A demurrer was interposed to the bill in equity on the ground that the complaint did not state facts sufficient to constitute a cause of action in equity against the defendant, and that the complaint showed upon its face that the complainant had an adequate remedy at law, and the court of equity was without jurisdiction to hear and determine the controversy. The demurrer was overruled, and, the appellant electing to stand thereon, a decree was entered for the complainant granting to it the relief prayed. From the order overruling the demurrer and the decree of the court, the case is before us on appeal.

The case, as presented by the complaint, is well and briefly stated by the appellant, as follows: "In the case at bar the appellee sought to, and did, enjoin the appellant from enforcing a judgment which had been rendered in favor of the appellant against the appellee in a justice of the peace court because the summons and writ of garnishment was served, so it alleges, upon one who was not an officer of the company or an agent designated by it upon whom service of process could be served, and because the appellee had no notice of the pendency of the action prior to the rendition of the judgment, or prior to the expiration of its time within which to appeal from the judgment of the justice of the peace to the circuit court." In addition to the allegations referred to by the appellee in the foregoing statement, the appellee set out the indorsement on the return made by the constable, which return stated that he had served the garnishee by delivering a true copy of said writ to the J. S. McWilliams Auto Company by their agent George Kidwell; and further alleged that it had a meritorious defense in that it was not indebted to the defendant in the action in the justice of peace court in any sum before or at the time of the issuance of the writ, nor did it have in its hands and possession any goods, moneys, chattels

or effects belonging to the defendants or either of them. Since a meritorious defense was alleged, the correctness of the holding and decree of the trial court depends upon whether the complainant had an adequate remedy at law. The doctrine is well settled by the weight of authority, which has the approval of this court, that injunctive relief may be granted against the enforcement of any judgment of a court of law, but that, in order to obtain the relief, it is necessary for the complainant to show that he has no adequate remedy at law. 32 C. J. 328; 34 C. J. 434; *Wingfield* v. *McLure*, 48 Ark. 510, 3 S. W. 439; *Shaul* v. *Duprey*, 48 Ark. 331, 3 S. W. 366; *Fuller* v. *Townsly-Myrick D. G. Co.*, 58 Ark. 314, 24 S. W. 635; *Knight* v. *Creswell*, 82 Ark. 330, 101 S. W. 754, 118 Am. St. Rep. 74.

It is first insisted by the appellant that the chancery court had no jurisdiction to issue the injunction because of the provision of § 5778 of the Digest, providing that "an injunction to stay proceedings on a judgment or final order of a court shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment or order was rendered or made." We are asked to construe this section and to apply it in the instant case. We are of the opinion that it has no reference to judgments of a justice of the peace court, but only to those of superior courts, and therefore has no application in this case. The powers of the justice of the peace court are limited to such as are given by the statutes digested in chapter 104 of C. & M. Digest, embracing §§ 6386-6570, inclusive. Section 6410 of that chapter is as follows: "The parties to the action may be the same as in the circuit court, and all proceedings prescribed for that court, as far as the same are applicable and not herein changed, shall be pursued in justices' courts. But the powers of justices' courts shall be and are only such as are in this chapter enumerated."

Section 5788 relied on by the appellant and cited *supra* was § 309 of chapter 4 of the Civil Code, and it is clear from an examination of the entire chapter that the

power to issue an injunction rested only in the superior courts, and the section under consideration refers only to such.

It is next insisted that the complaint disclosed upon its face that the complainant has an adequate remedy at law. The legal remedies which might have been invoked in this case were three in number: first, by motion in the court of justice of the peace; second, by appeal to the circuit court; and, third, by writ of certiorari. The judgment of the justice in this case was by default, and the power of the justice over such is prescribed and limited by § 6448 of the Digest, which provides that a judgment of dismissal for want of jurisdiction, or judgment by default, may be set aside by the justice at any time within ten days after being rendered. The right of appeal must have been exercised within thirty days after the judgment was rendered, so that the complaint sufficiently shows that both of these rights were not available and were not lost by any neglect of the appellee, since it did not know of the pendency of the garnishment proceeding or judgment against it until well beyond the time in which it might have availed itself of these legal remedies. The complaint sufficiently shows that an examination of the original papers in the case would have disclosed *prima facie* regular service, and therefore the judgment of the justice court was not void on its face as the circuit court will look only to the face of the record on certiorari and quash only where from such inspection it appears that the court rendering the judgment had no jurisdiction, and that its judgment was void. *McCoy* v. *County Court of Jackson County,* 21 Ark. 475; *Dicus* v. *Bright,* 23 Ark. 107; *State ex rel.* v. *Wilson,* 181 Ark. 683-692, 27 S. W. (2d) 106, and cases there cited. We conclude that the allegations of the complaint in the instant case were sufficient to show that the complainant had no remedy at law, and that the chancery court was correct in entertaining jurisdiction of the case and granting the relief prayed.

It is contended by counsel that the decree of the court below can be supported only upon the authority of the case of *Ryan* v. *Boyd,* 33 Ark. 778, and that the doctrine of that case is in conflict with that announced in the following cases: *Gates* v. *Bennett,* 33 Ark. 489; *Scanland* v. *Mixer,* 34 Ark. 354; *Levy* v. *Ferguson Lumber Co.,* 51 Ark. 317, 11 S. W. 284; *Woolum* v. *Kelton,* 52 Ark. 445, 13 S. W. 78; *Knight* v. *Creswell,* 82 Ark. 330, 101 S. W. 754, 118 Am. St. Rep. 74; *Dale* v. *Bland,* 93 Ark. 226, 124 S. W. 1026; *Metcalf* v. *St. L. I. M. & S. R. Co.,* 101 Ark. 193, 141 S. W. 1167; *Nelson* v. *Freeman,* 136 Ark. 396, 206 S. W. 667; *Betterton* v. *Anderson,* 171 Ark. 76, 283 S. W. 364.

The case of *Ryan* v. *Boyd* was one where the summons showed on its face personal service on the defendant and a judgment rendered against him on the 26th of September, 1873. The complaint filed in chancery to enjoin its collection alleged that the return was false, and that judgment had been rendered without any service, and it is to be inferred that the first notice the defendant had was on the issuance of an execution approximately four years after the judgment was rendered. It is therefore evident that all remedies by appeal had long since been lost, and, if proceedings had been brought to stay or quash the execution, such proceedings would have availed nothing, for, as declared by the court: "The circuit court could have looked alone to the record presented to it which could only have been the certified copy of the judgment, etc., and, as this on its face showed a valid service and a valid judgment, it is evident that the circuit court would have summarily dismissed the petition at the hearing." So, whatever may have been the reasoning and argument of the learned special justice, the fact remains that in that case there was no remedy at law, and therefore the chancery court was warranted in entertaining jurisdiction and in overruling the demurrer interposed to the complaint.

The appellant stresses the case of *Knight* v. *Creswell, supra,* in support of its contention. That case was a suit

in chancery to enjoin the enforcement of the judgment of a justice of the peace, and the grounds set forth in the complaint upon which equitable relief against the judgment was sought was that it was rendered without notice. The statement of facts in that case is very meagre but, as is shown by the abstract of the appellant's brief, the contention made was that the court erred in granting the relief because there was no allegation or showing made by the appellee that his remedy at law was inadequate. The court, in sustaining the appellant's contention and reversing the case, said: "Equity will not restrain the attempted enforcement of a void judgment where the remedy at law is complete."

As in the case just referred to, so in all the other cases cited, *supra,* where the jurisdiction of equity was denied, it is apparent that there was no adequate remedy at law. In these cases there are some statements which might appear to be in conflict with the rule first stated, but these expressions were used by the court by way of argument or illustration and in each, as we have already said, on the real point necessary for decision, the cases are harmonious.

It follows that the decree of the trial court is correct and must be affirmed. It is so ordered.