## CHRISTIAN ET AL. EX PARTE.

A court of chancery has no power over the judgments of the County Court except for fraud : where errors have been committed, the remedy is by appeal to the Circuit Court.

Where the County Court, instead of requiring a collector to make settlement in March, as as the law directs, when he was solvent, delayed it until October, when he was insolvent, the sureties are not thereby discharged.

*Motion for Mandamus to Hon. John C. Murray, to grant an injunction.*

HUTCHINSON, for the motion.

41

Mr. Justice COMPTON delivered the opinion of the court.

The sureties in the official bond of James Norris, a collector of public revenue, exhibited their bill in chancery, and upon the allegations and prayer thereof, moved the court for a writ of injunction, restraining the county of Ashley, until the final hearing of the cause, from further proceeding to execute a judgment, recovered by her, in the County Court, against Norris and themselves, for public revenue which Norris had collected and failed to pay into the county treasury. Their motion was overruled, and they now petition this court for a mandamus to the chancellor, compelling him to grant the injunction.

That the alledged errors in the settlement of Norris' account furnish no basis for relief in equity, is well settled. A court of chancery has no power over the judgment of the County Court, except for fraud; and here no fraud is alleged. *Ringgold vs. Stone et al.*, 20 *Ark.* 526. If mere error intervened, the mode of correcting it was by appeal to the Circuit Court. *Carnall vs. Crawford County*, 6 *Eng.* 604. But the ground mainly relied on, is, that the County Court, instead of requiring Norris to make settlement, in March, as the law directs, (*Dig. chap.* 148, *sec.* 89,) when he was solvent, delayed the performance of this duty until October following, when he had become insolvent; which, it is insisted, discharges the sureties from liability on the official bond. To this, we cannot yield our assent. The correct doctrine is well laid down in *United States vs. Kirkpatrick*, 9 *Whea.* 720. There, in an action of debt on a bond executed by a collector of direct taxes and internal duties, the District Court directed the jury that they were at liberty to impute laches to the government, from the delay of the proper officers to call the collector to account, at the periods prescribed by act of Congress, and the consequent injury to the sureties; and on error, it was held by the Supreme Court of the United States, that this direction was erroneous. "The general principle is," said Mr. Justice STORY, "that laches is not imputable to the government: and this maxim is founded, not in the notion of extraordinary prerogative, but upon a great public policy.

The government can transact its business only through its agents; and its fiscal operations are so various, and its agencies so numerous and scattered, that the utmost vigilance would not save the public from the most serious losses, if the doctrine of laches can be applied to its transactions. It would, in effect, work a repeal of all its securities." And in another part of the opinion, he says: "It is admitted that mere laches, unaccompanied with fraud, forms no discharge of a contract of this nature, between private individuals. Such is the clear result of the authorities. Why, then, should a more rigid principle be applied to the government? a principle which is at war with the general indulgence allowed to its rights, which are ordinarily protected from the bars arising from length of time and negligence? It is said that the laws require, that settlements should be made at short and stated periods; and that the sureties have a right to look to this as their security. But these provisions of the law are created by the government for its own security and protection, and to regulate the conduct of its own officers. They are merely directory to such officers, and constitute no part of the contract with the surety. The surety may place confidence in the agents of the government, and rely on their fidelity in office; but he has of this the same means of judgment as the government itself; and the latter does not undertake to guaranty such fidelity. No case has been cited at the bar, in support of the doctrine, except that of *The People vs. Jansen*, 7 *John. Rep.* 332. In respect to that case, it may be observed, that it is distinguishable from the present in some of its leading circumstances. But if it were not, we are not prepared to yield to its authority." In *Parks vs. The State*, 7 *Mo* 194—which was a suit against the sureties of a tax collector— the same question arose, and the court held that laches could not be imputed to the State, citing *U. S. Bank vs. Kirkpatrick*, *supra*.

The application of the petitioners is overruled.