## CARTER *v.* RANDOLPH COUNTY.

### Opinion delivered November 22, 1920.

HIGHWAYS—OPENING AND CHANGING ROADS—APPEALS.—Under Public Acts 1911, p. 364, authorizing the county court to open new roads and change old ones, and providing that landowners may appeal "as now provided by law from judgments of the county court," a landowner may appeal within six months as provided by Kirby's Digest, § 1487, which is the general statute regulating appeals from the county court, and is not required to appeal within the time specified in § 3006, the statute relating to road proceedings under the eminent domain statute.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*Jerry Mulloy* and *E. G. Schoonover,* for appellants.

The sole question is whether appellants, in appealing from the awards of damages in the county court, should have proceeded under § 3006, Kirby's Digest, instead of § 1487 *Id.* The right of appeal from county courts is reserved in our Constitution, and the Legislature is without authority except to designate reasonably the manner in which such right may be exercised. Const., art. 7, §§ 14, 33; 90 *Id.* 219; 118 S. W. 1010; 204 *Id.* 746. A consideration of act 422, Acts 1911, is useful only for the purpose of ascertaining what method has been outlined for taking appeals under our statutes. Kirby's

Digest, § 1487, should govern, and the court erred in dismissing the appeal. The general statute applies. 68 Ark 130; 56 S. W. 779. Section 3006 does not apply. 90 Ark. 219; 204 S. W. 746; 219 *Id.* 314; 203 *Id.* 260. It was error to dismiss the appeal.

SMITH, J. Proceeding under the authority of act 422 of the Public Acts of 1911 (Public Acts 1911, page 364), the county court of Randolph County made an order widening and extending a certain public road in that county, thereby taking certain lands, for the purposes of the road, belonging to appellants. The county court made an order assessing the damages, and within six months thereafter, but after the lapse of more than ten days, appellants attempted to appeal. The circuit court dismissed the proceedings upon the ground that the appeal should have been taken within ten days after the rendition of the judgment in the county court, and this appeal is from that order.

It is obvious, from the facts stated, that the question to be decided is, whether appellants, in perfecting their appeal to the circuit court, should have proceeded under the provisions of section 3006 of Kirby's Digest, instead of section 1487 of Kirby's Digest.

The last mentioned section is the general statute governing appeals from the final orders and judgments of the county courts, and is the applicable statute in any case where the proceeding is had under a statute which does not fix a different time within which appeals shall be prosecuted. *McMahan* v. *Ruble,* 135 Ark. 85; *Huddleston* v. *Coffman,* 90 Ark. 219; *Horn* v. *Baker,* 140 Ark. 173.

Section 3006 is the statute which prescribes the time and manner of taking appeals from final orders of the county court vacating, altering or reviewing any county road where the proceeding was had under the eminent domain statute.

Act 422 of the Acts of 1911 by its express terms amends section 7328 of Kirby's Digest, which, as was stated in *Sloan* v. *Lawrence County,* 134 Ark. 125, was

a section of the act of May 8, 1899 (Acts 1899, p. 347), providing the method and procedure for working public roads where a public tax had been voted and levied pursuant to the terms of Amendment No. 3 of the Constitution.

In the case of *Sloan* v. *Lawrence County, supra,* we said that this act 422 is an independent one on its face, and confers authority for the procedure therein authorized without reference to any other law on the subject. It confers power on the county court to open new roads and to change old ones, and provides a procedure for landowners who refuse to donate the right-of-way for the proposed roads and are aggrieved at the award of damages made in the county court. The act provides that if the owner "is not satisfied with the amount allowed him by the court, he shall have a right of appeal as now provided by law from judgments of the county court. * * *"

We think the right of appeal here referred to was the general right of appeal conferred by section 1487 of Kirby's Digest; and as the appeal in the instant case was taken within the time and manner provided by section 1487, it follows that the court was in error in dismissing the appeal. That order will, therefore, be reversed and the cause will be remanded with directions to reinstate the appeal and to hear same on its merits.