MORROW v. MOCK.

· Opinion delivered January 23, 1922.

HIGHWAYS—INJUNCTION AGAINST OPENING ROAD.—Under the rule that equity will not restrain the attempted enforcement of a void judgment where the remedy at law is complete, one who was a party to an order of the county court establishing a road across his land is not entitled to an injunction against its enforcement, since he had a remedy by appeal.

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Jerry Mulloy,* for appellant.

The county court was without jurisdiction. Under the act 422, Acts 1911, the voting of the three mills road tax and the levying of the same by the quorum court are necessary conditions precedent to the exercise of such jurisdiction. 203 S. W. (Ark.) 260. ·

Act 321, Acts 1917, cannot be misconstrued into a legislative determination that the tax which it legalizes was previously authorized by an election, or that act 422, Acts 1911, was put into force in Randolph County, and the county court thereby clothed with additional power. 102 Ark. 205; 97 *Id.* 38; 20 Wend. 562; 104 Ark. 583; 89 *Id.* 513; 36 Cyc. 1112-1113; 11 Ark. 44-88; 46 *Id.* 153; 98 *Id.* 42; 35 *Id.* 56-60.

If the act 321, *supra,* comprised within its terms an express determination that an election authorizing the tax had been held in November, 1916, such determination is palpably erroneous and void, as opposed to the plain

record evidence to the contrary. 172 U. S. 269; 88 S. W. 881; 99 *Id.* 843; 103 *Id.* 179; 106 *Id.* 960; 108 *Id.* 840; 121 *Id.* 284; 134 *Id.* 971; 135 *Id.* 819; 158 *Id.* 150; 168 *Id.* 1102; 196 *Id.* 932; 198 *Id.* 264; 223 *Id.* 367.

The county court's want of jurisdiction is subject to attack, either directly or collaterally. 15 R. C. L. § 316; 23 Cyc. 1070-1073; 60 Ark. 369; 48 *Id.* 151; 5 *Id.* 424; 165 S. W. 255; 15 R. C. L. § 312; 23 Cyc. 1065.

*W. L. Pope,* for appellees.

Injunction was not the proper remedy. Appellant had three adequate remedies at law, viz: appeal, certiorari and writ of prohibition from the circuit court. Equity will not intervene. 23 Ark. 641; 48 *Id.* 510; 58 *Id.* 314; 75 *Id.* 507; 82 *Id.* 330.

WOOD, J. Act No. 422 of the Acts of 1911, sec. 5249 of Crawford & Moses' Digest, provides in part as follows: "The county court shall have the power to open new roads and to make such changes in old roads as they may deem necessary and proper," etc. Certain parties, acting under the authority of the above statute, petitioned the Randolph County Court for the establishment of a certain road fifty feet in width in said county, which proposed road extended across the lands of the appellant. The appellant was made a party to the proceedings and objected to the jurisdiction of the court and moved to dismiss the petition. His motion was overruled, the petition granted, and an order made establishing the proposed road and directing the overseer of the district in which the road was situated to open and construct the same. Immediately after making the order establishing the road, the court adjourned *sine die,* and the county judge and road overseer were threatening to carry the order into effect by entering upon the lands of the appellant for the purpose of opening and constructing the road.

On July 21, 1919, appellant instituted this action in the Randolph Chancery Court, setting up in his complaint in substance the above facts and alleging that the

county court was without jurisdiction to make the order, for the reason that the statute, *supra,* under which the petition was filed and the order made, had no force or effect in Randolph County for reasons set up in the complaint. The appellant asked that the appellees, the county judge, road overseer, and others, be enjoined from carrying into effect the order of the county court. The appellees entered a general demurrer to the complaint, which the court overruled; but, on a trial of the issues raised by the complaint, answer and cross-complaint, the court entered a decree dismissing the complaint for want of equity, from which decree is this appeal.

The decree of the court is correct. The county court had jurisdiction of the subject-matter of opening up the road petitioned for. The appellant, on his own motion, was made a party to the petition. *Carter* v. *Randolph County,* 146 Ark. 221. Under the statute above mentioned, landowners may appeal from judgments of the county court within six months. The remedy, therefore, of the appellant against the order of the county court, of which he now complains and seeks to have set aside and declared of no effect, was by appeal; or, if the court was proceeding without jurisdiction, the appellant could have prohibited its action by prohibition. Certainly the appellant's remedy, if he was entitled to any, was adequate and complete at law. "Equity will not restrain the attempted enforcement of a void judgment where the remedy at law is complete." *Knight* v. *Cresswell,* 82 Ark. 330 and cases there cited; *Ex parte Christian,* 23 Ark. 641; *Fuller* v. *T. M. Dry Goods Co.,* 58 Ark. 314; *Church* v. *Gallic,* 75 Ark. 507.

The decree is correct. Affirmed.